CHARLES A. McCRARY, *Plaintiff in Error,* v. THE POST PUBLISHING COMPANY, a corporation, *Defendant in Error.*

147 So. 259.

Opinion filed March 16, 1933.

*Evan Evans,* attorney for Plaintiff in Error;

*Edgar C. Thompson,* attorney for Defendant in Error.

ULY O. THOMPSON, Circuit Judge—The plaintiff below (appellant here), Charles A. McCrary, brought his suit at law against the defendant, The Post Publishing Company, a corporation, in an action of libel. A demurrer to the plaintiff's original declaration, consisting of six counts, was sustained, and an amended declaration, consisting of three counts, was filed. A demurrer was likewise sustained to the amended declaration and the cause dismissed, from which orders sustaining defendant's demurrers to the several counts of the original declaration and of the amended declaration, the Plaintiff below has brought writ of error.

The first count of the amended declaration alleges, in substance, that at all times therein mentioned the defendant

was the publisher of a newspaper in the City of West Palm Beach, called "The Palm Beach Post," and that the plaintiff was constable for the Second District of Martin County, Florida. That on or about the 28th day of July, 1931, the defendant by, and through its agents, servants or employees, acting within the scope of their employment, falsely and maliciously published in said newspaper, of and concerning the plaintiff in his said position, the words following, that is to say: "Martin County Constable Blamed in Arrest Cases. Stuart officials Monday asserted that the town has been receiving unfavorable publicity through the actions of a Martin County Constable. Charles A. McCrary, Constable from the second precinct of Martin County, it was reported, has been stopping motorists on trivial charges, Judge M. R. Cartwright of Stuart said, have embarrased the town to such an extent that his 'victims' are blaming Stuart officials. Three motorists were arrested Saturday while returning from Melbourne, where they had participated in the Florida East Coast Yachting Association Regatta. They were charged with having no license tags for the boat trailers. The motorists said they did not object to the charges, but that they did object to the method in which they were arrested. Captain Somers Hickman of Miami reported being stopped Saturday by a man who was not in uniform and who was brandishing a pistol. At first, Captain Hickman said, he thought he was being held up by a highway robber and was about to offer resistance when McCrary made his identity known, he said. Two other similar cases were reported by local men. According to victims, the constable 'spotted' his 'victims' near the Stuart bridge and then trailed them almost to the St. Lucie County line, when he made the arrests. This method, the victims claim, enables the constable to collect excess mileage fees in fines. A recent example of this was when

W. A. Huott, of this city, was arrested last Wednesday by McCrary on a charge of driving a stolen car. Huott proved the car to be his, but found that the license plate had been changed. Huott was fined $13.88 for costs and mileage fees. Judge Cartwright apologized to the victims on behalf of the town of Stuart;" meaning thereby to charge that plaintiff was unfit and incompetent to perform and discharge the duties of his said office; to the damage of plaintiff in the sum of $50,000.00.

The second count, omitting the formal parts, alleged the publication by the defendant of the words following, that is to say: "The Post inadvertently stated in an account of the arrest of several motorists by Constable McCrary, that Judge Cartwright said the activities of the Constable had embarrassed the city. Judge Cartwright made no such statement, but the consensus of a number of citizens and officials of the City of Stuart was that the Constable's activities were embarrassing to the city;" meaning thereby to charge that the plaintiff was unfit and incompetent to discharge and perform the duties of his said office, to the damage of the plaintiff in the sum of $50,000.00.

The third count, after the formal parts, alleges the publication by the defendant of the words following, that is to say: "Stuart Constable Resigns Position. Recently involved in two cases 'which made it tough on him.' Constable Charles McCrary of Stuart, center of a controversy involving traffic and other arrests, has sent his resignation to Governor Carlton. 'They made it so tough on me that I had to quit!' This was the explanation in McCrary's own words, of his resignation. McCrary was involved in two cases recently which 'made it tough on him.' Shortly before that the censure by a Justice of the Peace at Stuart had been given in connection with traffic arrests by McCrary which motorists claimed were affecting the town's reputa-

tion for welcoming visitors. McCrary, known to newspaper men over the south as 'Get-Your-Man-Charlie;' has figured in many prominent cases in southern states, but had dropped from the limelight until the recent controversy over arrests made by him brought additional publicity and finally ended in his resignation," meaning thereby to charge that plaintiff was forced to resign his said office on account of unfitness and incompetency to discharge and perform the duties of same; to the damage of plaintiff in the sum of $50,000.00.

The demurrer to this amended declaration raised the question *vel non* of the libelous character of the alleged publications. As stated by this Court, an action is libelous *per se* "when there has been a false and unprivileged publication, by letter or otherwise, which exposes a person to distrust, hatred, contempt, ridicule, or obloquy, or which causes such person to be avoided, or which has a tendency to injure such person in his office, occupation, business or employment. If the publication is false and not privileged, and is such that its natural and proximate consequence necessarily causes injury to a person in his personal, social, official or busines relation of life, wrong and injury are presumed or implied, and such publication is actionable *per se."*

Briggs v. Brown, 55 Fla. 417; 46 So. 330; McClellan v. L'Engle, 74 Fla. 571; 77 So. 270; Land v. Tampa Times Publishing Co. 68 Fla. 546; 67 So. 130.

The first count of the amended declaration, in our opinion, sufficiently charges the publication of matter which, if true, would make the plaintiff guilty of malfeasance in office, as it charges him with a deliberate scheme and attempt to collect excess mileage fees. While other portions of the alleged publication may not in themselves charge malfeasance or misfeasance in office, and may have been properly subject to a motion to strike, this count of the amended declaration

does allege the publication of matter charging misconduct on the part of the plaintiff in his official position as Constable, and in our opinion the demurrer to this count of the amended declaration was improperly sustained.

The second and third counts of the amended declaration, however, do not allege acts that are, *per se,* libelous, nor are any facts alleged which in our opinion make either of these counts libelous. The mere fact that an officer in the discharge of his duties may embarrass a city or its officials or the mere fact that he may get into a controversy with the city authorities which "makes it tough on him" does not necessarily imply that the conduct of such officer was improper, and a publication of such facts could not be held libelous, *per se.* Therefore, the demurrer to the second and third counts of the amended declaration was properly sustained.

This cause is reversed and remanded for further proceedings not inconsistent wth this opinion.

DAVIS, C. J., and WHITFIELD, BROWN and BUFORD, J. J., concur.