**WALTER COOPER, EDWARD SCHWARTZ, JULES RUDNICK,** doing business under the fictitious name of **DRAGON INN**, v. **THE MIAMI HERALD PUBLISHING COMPANY**, a Florida corporation.

31 So. (2nd) 382
July 18, 1947
Rehearing denied July 25, 1947

June Term, 1947
Special Division A

*Daniel L. Ginsberg,* for appellants.

*Murrell, Fleming & Flowers,* for appellee.

CHAPMAN, J.:

On February 10, 1947, the appellants here (plaintiff below) filed in the Circuit Court of Dade County, Florida, an amended declaration consisting of six Counts against the Miami Herald Publishing Company. The trial court sustained defendant's demurrer directed to each count of plaintiffs' amended declaration, and, after counsel for plaintiffs advised the court that they did not care to plead further, the trial court entered a final judgment on demurrer for defendant below and plaintiffs appealed.

Count I of the plaintiffs' amended declaration is viz:

"Walter Cooper, Edward Schwartz and Jules Rudnick, doing business under the fictitious name of Dragon Inn, by their attorneys, sues The Miami Herald Publishing Company, a Florida corporation, for:

"I. That, to-wit, on November 10, 1946, said defendant falsely and maliciously published in The Miami Herald, a daily newspaper published in Miami, Florida, and widely circulated throughout the United States of America and some foreign countries, of the plaintiffs, Walter Cooper, Edward Schwartz and Jules Rudnick, doing business under the ficti-

tious name of Dragon Inn, a restaurant doing business in Dade County, Florida, the following article:

### " 'MIAMIAN SHOT AT NIGHT SPOT

"Police were waiting early Sunday for Wesley Gardner, 23, of 1940 N.W. Miami Ct., to recover consciousness, so they could question him about how he was shot Saturday night in the Dragon Club, 2728 N.W. North River dr.

"Although many of the club patrons, including some who were in Gardner's party, were questioned, none threw any light on the scrape in which Gardner was shot in the chest. At Jackson Memorial hospital his condition was described as serious.

"Immediately after the shooting, Gardner ran into the kitchen, where he collapsed.

"Officers G. L. Weaver and J. P. Berdaux are investigating.'

"That the said Dragon Club, located at No. 2729 N.W. North River dr., so mentioned in the said libelous article, and the Dragon Inn Restaurant, owned by the plaintiffs and located at No. 2729 N.E. North River dr., are one and the same and are commonly and generally known and understood to be one and the same place, and any other reference made to the said place of business or premises located at No. 2729 N.W. North River dr., are congruous with the place of business owned by the said plaintiffs; and that on, to-wit, November 15th, 1946, the plaintiffs served on the defendant a notice in writing specifying said article, and the statement therein, which they alleged to be false and defamatory a copy of which notice is hereto attached and made a part hereof as plaintiffs' Exhibit 'A': but, that the defendant did not publish in said newspaper any apology or retraction of said article; as a result of which plaintiffs' business has declined sharply and considerably; and the plaintiffs' chances to sell their interests have greatly diminished; the said libelous article has made it impossible to procure a liquor license; due to the article, help is hard to get; and due to the article managing the said place of business has been made much more difficult.

"Wherefore, the plaintiffs sue and claim damages in the sum of $50,000.00."

"EXHIBIT A"

Plaintiffs' Exhibit A consists of a notice signed by counsel of record for plaintiffs dated November 15, 1946, and addressed to the defendant: "NOTICE: A civil action for libel will be brought against you in the Circuit Court of Dade County, Florida, after five days from the service of this notice, for the publication in the Miami Herald, on or about November 10, 1946, of the following article: (The same as set out supra in Count I) which were false and defamatory in that the shooting did not occur in the 'Dragon Club,' at 2792 N.W. North River Dr., and other false and defamatory statements. GOVERN YOURSELF ACCORDINGLY." Briefs filed in the cause fail or omit to point out the distinguishing features or allegations of Counts I, II, III, IV, V and VI of the amended declaration but a cursory study suggests different elements of damage sued for in each Count. Our ruling on Count I, supra, therefore will be determinative of the controversy.

The defendant demurred to the amended declaration on numerous grounds, some of which are viz: (1) the declaration failed to state a cause of action: (4) it does not appear from the amended declaration that the alleged libelous article was libelous or defamatory, neither is it libelous per se; (7) the inference drawn from the allegations of the amended declaration fail to support the conclusion of the pleader that the published article was libelous or defamatory; (8) the natural and ordinary meaning of the language employed in the alleged libelous or defamatory article does not degrade the plaintiffs, expose them to hatred, contempt, ridicule or obloquy.

A civil action for libel will lie when there has been a false and unprivileged publication by letter, or otherwise, which exposes a person to distrust, hatred, contempt, ridicule or obloquy or which causes such person to be avoided, or which has a tendency to injure such person in his office, occupation, business or employment. If the publication is false and not privileged and is such that its natural and proximate

consequence necessarily causes injury to a person in his personal, social, official or business relations of life, wrong and injuries are presumed or implied and such publication is actionable per se.

A party injured by a publication cannot recover damages therefor if the publication is true and is made in good faith in such a manner and under such circumstances as properly to serve the rights of others by and to whom the publication was made. Such a publication is privileged because it is properly made to serve the rights of others. Briggs v. Brown, 55 Fla. 417, 46 So. 235.

Innuendoes in the pleadings are ineffective for the purpose of fixing the character of an alleged libelous publication as being libelous per se. In determining whether or not a publication is libelous per se the language of the publication itself can alone be looked to, without the aid of innuendoes, since the innuendo in libel cases is but a deduction of the pleader from the words used in the publication. Unless the pleader's deduction is suported by the language of the publication, the actionable quality of the publication is not legally disclosed. Layne v. The Tribune Co., 108 Fla. 177, 146 So. 234. The language of a publication alleged to be libelous should be construed as the common mind would naturally understand it. Jones v. Townsend's Adm'x., 21 Fla. 431, 58 Am. St. Rep. 676.

The appellee here publishes daily in the City of Miami, Florida, a newspaper known as The Miami Herald. It has the responsibility of supplying daily its readers and subscribers news and information occurring each hour, not only locally but from the remotest corners of the world, as obtained by it through news gathering agencies. The courts when considering alleged libelous articles are required to apply to the article complained of recognized rules of construction or interpretation. In the Townsend case, supra, we held that the language complained of "should be construed as the common mind would naturally understand it." Likewise, in arriving at the sense in which defamatory language is employed, it is necessary and proper to consider the circumstances of its publication and the entire language used, 33 Am. Jor. 99, par. 85. Also the place and position of an item in the publication

may be considered in determining its libelous character, and the article should be read and construed in connection with the display of headline. 33 Am. Jur. 101, par. 88. The conclusion of the pleader to the effect that the article complained of was false and defamatory is not controlling.

It is our conclusion that when the article is considered in its entirety it cannot be said that it is either malicious or defamatory but simply reflects an incident of public interest in the environs of the City of Miami. It was admitted at the bar of this Court during oral argument that the person was shot about the place of business but the actual shooting occurred a short distance from the plaintiffs' place of business.

Affirmed.

THOMAS, C. J., TERRELL, J., and PARKS, Associate Justice, concur.

31 So. (2nd) 477                                        June Term, 1947
July 18, 1947                                        Special Division A