62 So.2d 597 (1953)
RICHARD
v.
GRAY.
Supreme Court of Florida, en Banc.
January 16, 1953.
R.K. Bell, Miami, for appellant.
Anderson & Nadeau, Miami, for appellee.
PER CURIAM.
This is an appeal from a final judgment of dismissal entered upon motion of the appellee in a suit for libel instituted by the appellant against the appellee in the court below. The ground of appellee's motion to dismiss was that the complaint failed to state a cause of action, and the sole question here presented is whether the alleged libellous statements are actionable per se.
The appellant is an attorney and is also a City Councilman of the City of Miami Beach, Florida. The appellee is a radio commentator. The statements complained of were made by the appellee in a radio broadcast over a radio station in Dade County, Florida. A transcript of the entire broadcast was attached to the appellant's complaint as a part of Count IV thereof. It appears therefrom that the appellant made a statement to the St. Louis Post Dispatch (which story was also carried by the Miami newspapers) to the effect that he *598 had received a bribe offer of $200,000 to allow punchboards to operate. Most of this particular broadcast by the appellee was devoted to comment on the appellant's statement to the St. Louis Post Dispatch respecting the offer of a bribe, and it is this comment which forms the basis for the instant suit for libel.
The appellant complained particularly of the following comments by the appellee:
"I've no desire to injure a man in his career or his family; but I cannot do otherwise if he has started the ball rolling by his stories to the St. Louis Post Dispatch which opened up this whole yarn, and that, you must admit is true. No one started it but the man himself."
"I want Plissner to appear before the grand jury because if Plissner appears before the grand jury I think there might be six members on the city council." (It appears elsewhere in the broadcast that Plissner is the alleged intermediary who carried the offer of the bribe to the appellant, and that the city council is composed of seven members.)
"I know a lot of things that I cannot reveal. I am only waiting for the grand jury to open it officially and then I will tell you the whole story which I cannot tell you at this moment; I am sworn to secrecy, but believe me there is much dishonesty being prattled back and forth and when you hear the whole story you will be very, very strongly in favor of a recall action or some other form of public punishment, either bad publicity, or something that will tear the honest veil that some people are wearing in this community. That's all I've got to say."
The appellee wound up his broadcast by stating "I am inviting a law suit publicly; I hope he does; I hope he does; please; thank you."
The decisions in this jurisdiction, as well as others, clearly establish that a publication is libellous per se, or actionable per se, if, when considered alone without innuendo: (1) it charges that a person has committed an infamous crime; (2) it charges a person with having an infectious disease; (3) it tends to subject one to hatred, distrust, ridicule, contempt, or disgrace; or (4) it tends to injure one in his trade or profession. See McCrary v. Post Pub. Co., 109 Fla. 93, 147 So. 259; Harriss v. Metropolis Co., 118 Fla. 825, 160 So. 205; Piplack v. Mueller, 97 Fla. 440, 121 So. 459; McClellan v. L'Engle, 74 Fla. 581, 77 So. 270; Metropolis Co. v. Croasdell, 145 Fla. 455, 199 So. 568.
It is also established that, in determining whether a publication is libellous per se, the words used in the publication "are not to be construed or taken in their mildest or most grievous sense, but in that sense in which they may be understood and in which they appear to have been used and according to the ideas which they were adopted to convey to those who hear them, or to whom they are addressed." Budd v. J.Y. Gooch Co., 157 Fla. 716, 27 So.2d 72, 74. The language used should be construed as the common mind would naturally understand it. Cooper v. Miami Herald Pub. Co., 159 Fla. 296, 31 So.2d 382.
In the instant case, as in Caldwell v. Crowell-Collier Pub. Co., 5 Cir., 161 F.2d 333, 335, "Imputation of a crime is not present. But it is enough, if the natural or necessary result of the imputation is to hold one up to public hatred, contempt or ridicule, 33 Am.Jur., Libel and Slander, § 45; or to prejudice him in his profession, office, occupation or employment, Id. § 63, and more particularly in his public office, § 79."
We think there can be no doubt that the publication here complained of is actionable per se. After hearing the appellee's broadcast, a "common mind" could reach no other conclusion than that the appellant had been guilty of conduct so heinous as to warrant his removal from office as a city councilman. The imputation of dishonesty on the part of the appellant is also indisputable. And the fact that the appellee shrouded in secrecy the exact nature of such conduct and left it to the conjecture of his hearers, adds to rather than detracts from the opprobrium of his remarks. *599 The appellees' statements necessarily tended to subject the appellant to distrust, contempt and ridicule, and to injure him in his professional, official and personal relations, and they are actionable per se. The questions of privilege and want of malice are not now before this court and should await final decision at the trial.
For the reasons stated, it was error to dismiss the appellant's complaint and, accordingly, the decree appealed from is reversed and the cause remanded for further proceedings.
Reversed and remanded.
HOBSON, C.J., and TERRELL, ROBERTS, MATHEWS and DREW, JJ., concur.
THOMAS and SEBRING, JJ., not participating.