**FLORIDA EAST COAST ENTERPRISES, Inc. v. UNITED CHRISTIAN ACTION, Inc., et al.**

No. 6617.

Circuit Court, Brevard County.

November 27, 1963.

Berryhill, Avery & Law, Fort Lauderdale, for plaintiff.

William H. Maness of Kurz, Toole, Maness & Martin, Jacksonville, for defendant United Christian Action, Inc.

VOLIE A. WILLIAMS, Jr., Circuit Judge.

This cause came on this day to be heard, pursuant to notice, upon the corporate plaintiff's complaint and the motion to dismiss filed on behalf of defendant United Christian Action, Inc. As revealed by the complaint, the plaintiff is the holder of a permit from the Florida State Racing Commission which will entitle it to a license to establish and operate a jai-alai fronton in Brevard County if the voters approve in a special election set for December 3, 1963; pursuant to the provisions of chapter 550.06, F.S.

Attached to the complaint, as exhibits A and B, are two handbills "Prepared for the Churches of Brevard County by United Christian Action, Inc.". The complaint also alleges that other defendants published or circulated copies of said exhibits which are alleged to be libelous and defamatory of the plaintiff. For the purpose of the pending motion, publication and distribution of the challenged materials must be deemed admitted.

However, when these materials are read and considered in the sense in which they were used (to influence the electorate to vote "no" on the referendum), in neither the mildest nor most grievous sense, they fall short of being actionable. See Richard v. Gray, 62 So.2d 597. Furthermore, nowhere is the plaintiff identified with any degree of particularity, as distinguished from one of a group or class for which no single member of the class or group can maintain an action for libel and slander, even where the writing is libelous per se. See 70 ALR2d 1382.

If the writing offends plaintiff, it nevertheless falls within that area of public discussion declared by our courts as *privilege,* in the belief that the public interests are better served by an extension than by a restriction of the rights guaranteed by sec-

tion 13 of the Declaration of Rights of the Florida constitution. See Crowell-Collier Publishing Co. v. Caldwell, 170 F.2d 941. The plaintiff submitted to the public for its approval and support, the question whether Brevard County should have a jai-alai fronton—and it cannot complain if anyone's opinion, comment or criticism is adverse. See Prosser on Torts, sec. 94(5), at p.842.

Finally, discounting the conclusions of the pleader not based on allegations of ultimate facts (Layne v. Tribune Co., 108 Fla. 177, 146 So. 234, 86 ALR 466) and looking at the language of the publications themselves, unaided by innuendoes (Cooper v. Miami Herald Pub. Co., 159 Fla. 296, 31 So.2d 382), it is clear that the words used, and the facts and opinions expressed not only fail to meet the test of an actionable libel but also express a viewpoint towards gambling and the persons connected therewith that is so traditional and consistent with the historic position of Christian groups that neither malice nor pecuniary damage can be inferred as a matter of law.

Therefore, this court finds that the motion to dismiss should be granted, not only as to United Christian Action, Inc., but also as to all other defendants and that this cause and the issues to be decided by referendum should be returned to the arena of free discussion, unhindered by the pendency of legal proceedings.

Accordingly, it is ordered and adjudged that said motion to dismiss should be, and the same is hereby, granted and the complaint herein is hereby dismissed, with prejudice, as to all defendants herein.