HOBSON, Judge
(dissenting).
I think that the lower court prematurely dismissed appellant’s amended complaint.
Appellant Moody, doing business as St. James Apartments, filed his amended complaint in three counts against appellees, alleging libel and slander, invasion of privacy and disparagement with resulting damages to appellant. Moody also alleged that he was the owner and builder of the St. James Apartments. He attached as exhibits the alleged libelous letters which he claimed were irresponsibly, maliciously, recklessly and wantonly circulated and distributed to various third parties. He also alleged that such letters contained false and untrue statements which were written with the intent to injure the plaintiff. All of the letters referred to zoning violations by the St. James Apartments. In the first letter there was reference that the apartments were owned and being constructed by Green Feathers, Inc. The recipient of the letter, the City Manager, knew that the charge made referred to Moody and not Green Feathers, Inc., and advised appellees that Moody, not Green Feathers, was the owner.
The lower court dismissed the complaint with prejudice, finding, inter alia, that plaintiff as named did not have a cause of action. I think this was error. It is not essential that the defamed person be named in the publication or communication if the communication in its totality contains sufficient facts or references from which persons receiving such communication can determine that he is the person referred to therein. O’Neal v. Tribune Company, Fla.App.1965, 176 So.2d 535, 548; Harwood v. Bush, Fla.App.1969, 223 So.2d 359; Wolfson v. Kirk, Fla.App.1973, 273 So.2d 774.
The lower court also found that the documents exhibited by Moody and the alleged acts of appellees constitute a qualified privilege and not libel per se. Privilege is a matter of affirmative defense, and where it does not clearly appear from the allegations of the complaint, it should be raised by answer. See Richard v. Gray, Fla.1953, 62 So.2d 597; Wolfson v. Kirk, supra.
I do not think that it clearly appears from the averments of the complaint and the letters attached thereto that such letters constituted a qualified privilege. It does not appear that the letters were written by Ginn as a member or a representative of a civic association. Neither does it appear that such letters were written with the good faith required to make them qual-ifiedly privileged. I am of the opinion that there were insufficient factual matters before the court at that stage of the pleadings to make a determination upon that issue.
I respectfully dissent.