430 So.2d 585 (1983)
James H. HARRISON, Appellant,
v.
Lewis E. WILLIAMS, Jr., Appellee.
No. 81-842.
District Court of Appeal of Florida, Fourth District.
May 4, 1983.
Richard A. Barnett, Hollywood, for appellant.
Kim Douglas Sherman of Sherman & Rayson, Fort Lauderdale, for appellee.
GLICKSTEIN, Judge.
Appellee, a police officer, filed an action for slander and libel against appellant. He claimed appellant orally uttered defamatory communications to other police officers and to an assistant state attorney and originated and sent a defamatory letter to various officials. Because appellee was a public official at the time he was defamed, malice or reckless disregard for the truth of a publication had to be established. St. Amant v. Thompson, 390 U.S. 727, 88 S.Ct. 1323, 20 L.Ed.2d 262 (1968). The trial court in a non-jury trial, found for appellee, awarding him compensatory damages in the amount of $500 for slander, $4,500 for libel and nominal punitive damages of $1.00 on each count. Appellant contends the trial court erred in finding the oral and written statements were published with malice and that the evidence only shows he made a good faith mistake about the identity of appellee.
On the night of February 27, 1980, appellant's son was arrested by members of the Fort Lauderdale police department. Appellee was at home that night and was not involved in the arrest or what allegedly occurred thereafter. When appellant's son arrived home early the next morning, he was bloodied and informed his father that he had been beaten by police officers. When the son later saw appellee at the police station, he informed his father that it was appellee who had broken his nose after the arrest. The assistant state attorney investigating the matter informed appellant that officers other than appellee were involved in the arrest and detention of appellant's son. One of the other officers looked *586 very much like appellee. Notwithstanding the advices from the assistant state attorney, appellant shortly thereafter told other officers that appellee had battered his son. Weeks later, he sent the subject letter to state and local officials, accusing appellee of practicing medicine without a license and stating that appellee said "your (sic) o.k." to his son who "was lying in urine, bleeding, handcuffed, crying in pain while locked in a cell."
We find there is substantial, competent evidence to affirm the judgment; therefore we affirm.
HERSEY and HURLEY, JJ., concur.