464 So.2d 664 (1985)
John L. PERRY, Appellant,
v.
Richard W. COSGROVE and Clearwater Newspapers, Inc., Appellees.
No. 84-796.
District Court of Appeal of Florida, Second District.
March 6, 1985.
*665 Gary Robert Preston and Dennis P. Thompson of Richards, Nodine, Gilkey, Fite, Meyer & Thompson, P.A., Clearwater, for appellant.
George A. Vaka, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellees.
PER CURIAM.
John L. Perry, appellant, appeals from an order dismissing with prejudice three counts of his amended complaint for failure to state a cause of action. We reverse on all three counts.
Perry, former editor of the Clearwater Sun Newspaper, sued the appellees, Richard W. Cosgrove, president and publisher of the newspaper, and Clearwater Newspapers, Inc., the owner. His complaint contained six counts. This appeal involves the three counts alleging libel, fraud, and breach of contract. The suit arose after Cosgrove fired Perry and another newspaper reported that the dismissal occurred following a dispute over a "no-food" office policy. Two days after the story was published, Cosgrove wrote a letter to a concerned reader stating that the article was inaccurate and that the termination was based on factors other than the dispute. Perry's libel claim was founded on this letter. His fraud claim was based upon Cosgrove's alleged misrepresentation that Perry's position with the Sun was permanent. His breach of contract claim was based upon Cosgrove's alleged unfulfilled promise to increase Perry's salary.
Initially, we note that for purposes of a motion to dismiss for failure to state a cause of action, the movant admits as true all material facts well-pleaded and all reasonable inferences arising from those facts. Orlando Sports Stadium, Inc. v. State, 262 So.2d 881 (Fla. 1972); Simon v. Tampa Electric Co., 202 So.2d 209 (Fla. 2d DCA 1967). To state a cause of action, a complaint must allege sufficient ultimate facts to show that the pleader is entitled to relief. Fla.R.Civ.P. 1.110(b). We hold that the amended complaint set forth sufficient facts to state a cause of action on all three counts.
First, Perry alleged that the letter written by Cosgrove constitutes libel per se. Although the appellees are members of the media, they are not "media defendants," for the purposes of the elements of a cause of action for libel per se. The letter written by Cosgrove was not published in the Sun, but was mailed to one of its readers.[1] The letter stated in part as follows:
Mr. Perry's termination was based on several factors and not the incident mentioned in the Times story. Rather than embarass Mr. Perry any further on the *666 matter, we decided not to issue a statement.
Generally, a publication is libelous per se if, when considered alone without innuendo, it tends to subject a person to hatred, distrust, ridicule, contempt, or disgrace, or tends to injure him in his trade or profession, Richard v. Gray, 62 So.2d 597 (Fla. 1953), or if it imputes to another conduct, characteristics, or a condition incompatible with the proper exercise of his lawful business, trade, profession, or office. Barry College v. Hull, 353 So.2d 575 (Fla. 3d DCA 1977). Neither the court nor the jury may go beyond the four corners of the publication in determining whether there is libel per se. Barry College; Wolfson v. Kirk, 273 So.2d 774 (Fla. 4th DCA 1973). The language of the document should not be interpreted by extremes, but should be construed as the common mind would naturally understand it. McCormick v. Miami Herald Publishing Co., 139 So.2d 197 (Fla. 2d DCA 1962).
The letter indicated that the appellees did not wish to embarrass Perry any further by issuing a statement concerning the factors leading up to his dismissal. Although the term "embarrass" may have been intended to convey and perhaps did convey only an innocuous meaning, a person of common mind might have construed it to mean that Perry had conducted himself in a shameful manner, or in a manner inconsistent with the proper exercise of his profession. Where a communication is ambiguous and reasonably susceptible of a defamatory meaning, it is for the trier of fact to decide whether the communication was understood in the defamatory sense. Wolfson. Accordingly, the motion to dismiss count I should have been denied.
Next, Perry alleged a tort action for fraud on the ground that Cosgrove misled him to believe that his job with the Sun was permanent. The essential elements of common-law fraud are as follows: (1) a false statement of fact; (2) known by the defendant to be false at the time it was made; (3) made for the purpose of inducing the plaintiff to act in reliance thereon; (4) action by the plaintiff in reliance on the correctness of the representation; and (5) resulting damage to the plaintiff. Vance v. Indian Hammock Hunt and Riding Club, Ltd., 403 So.2d 1367 (Fla. 4th DCA 1981).
The complaint states that Cosgrove told Perry he was "here to stay" and that "we take care of our permanent executives." The complaint avers these statements were false because Cosgrove subsequently fired Perry and that Cosgrove knew the statements were false at the time he made them. It is then averred that the statements were made to induce Perry to perform additional services and to incur a debt for Cosgrove's benefit. Perry allegedly became involved in community organizations, took out a second mortgage to purchase a home, and performed additional job-related services, all in reliance on Cosgrove's statements.
Generally, a false statement of fact, to constitute a ground for fraud, must be of a past or existing fact. An exception arises, however, where the promise to perform a material matter in the future is made without any intention of performing or is made with the positive intention not to perform. Home Seekers' Realty Co. v. Menear, 102 Fla. 7, 135 So. 402 (1931); Hamlen v. Fairchild Ind., Inc., 413 So.2d 800 (Fla. 1st DCA 1982). The complaint alleges that Cosgrove lacked the intention to permanently employ Perry when he made the statements and that Perry, as a result, suffered damages.
Appellees rely on Muller v. Stromberg Carlson Corp., 427 So.2d 266 (Fla. 2d DCA 1983), and argue that statements by an employer concerning salary and duration do not create binding terms, but are mere expectations. Their reliance is misplaced because the cause of action in Muller had been brought under theories of breach of an employment contract and tortious interference with an employment relationship. The elements of those theories differ from the elements of common-law fraud. We *667 find, therefore, that the complaint set forth sufficient facts to state a cause of action for fraud. Accordingly, the motion to dismiss count IV should have been denied.
Lastly, Perry claimed breach of an oral contract. The complaint alleges that in March, 1983, Cosgrove informed Perry that, for the third time, the Sun was increasing his annual salary, this time by $5000. The complaint also states that Perry was advised that the increase would become effective in March, 1983, but that payment would be deferred until May, 1983. It then avers that Perry was not compensated at his increased salary rate at the time of his termination in May, 1983.
The complaint alleged the execution of an oral contract, the obligation thereby assumed, and a breach. It therefore set forth sufficient facts which taken as true, would state a cause of action for breach of contract. Industrial Medicine Publishing Co. v. Colonial Press of Miami, Inc., 181 So.2d 19 (Fla. 3d DCA 1965).
Appellees argue that the alleged contract is too indefinite to be enforced. We disagree. As long as an essential ingredient is not missing from an agreement, courts have been reluctant to hold contracts unenforceable on grounds of uncertainty, especially where one party has benefited from the other's reliance. Gulf Solar, Inc. v. Westfall, 447 So.2d 363 (Fla. 2d DCA 1984); Community Design Corp. v. Antonell, 459 So.2d 343 (Fla. 3d DCA 1984). When the existence of a contract is clear, the jury may properly determine the exact terms of an oral contract. Community Design Corp. Accordingly, the motion to dismiss count V should have been denied.
We therefore reverse and remand for proceedings consistent herewith.
SCHOONOVER, A.C.J., LEHAN, J., and SHAFER, ROBERT T., Associate Judge, concur.
NOTES
[1] If Cosgrove's letter had been published, appellees would have been entitled to broader first amendment protection. Pursuant to Gertz v. Robert Welch, Inc., 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974), Perry would have been required to allege fault and actual damage.