# FRATERNAL ORDER OF POLICE, LODGE NO. 31 v NEWS AND SUN-SENTINEL CO., etc.

Case No. 85-21006 CK

Seventeenth Judicial Circuit, Broward County

December 13, 1985

## APPEARANCES OF COUNSEL

**Bruce Little** for plaintiff.

**Ray Ferrero, Jr.** and **Ricki Tannen, Ferrero, Middlebrooks, Strickland and Fischer, P.A.,** for defendant, News and Sun-Sentinel Company.

## OPINION OF THE COURT

H. MARK PURDY, Circuit Judge.

77

THIS CAUSE having come on to be heard on Defendant's, News and Sun-Sentinel Company, Motion to Dismiss and the Court having heard argument of counsel, and being otherwise advised in the premises, it is hereby

ORDERED and ADJUDGED that the Plaintiff's, Fraternal Order of Police, Lodge No. 31, Complaint filed in this action shall be dismissed with prejudice for the following reasons:

1. A Motion to Dismiss is appropriate in this cause because the allegations contained in the Plaintiff's Complaint failed to set forth a cause of action against the Defendants for publication of an illustration/cartoon which appeared on the cover of Sunshine Magazine.

2. Count I of the Complaint is set forth as an action for defamation. Count II is set forth as an action for invasion of privacy.

3. It is for the trial Court to determine, as a matter of law, whether the statements complained of are reasonably capable of a defamatory meaning as to the Plaintiff. *Wolfson v. Kirk*, 273 So.2d 774 (Fla. 4th DCA 1973). In the instant case the "statement" is in the form of an illustration. The common mind rule of construction applicable in Florida mandates that the trial Court construe the allegedly defamatory statement in context as directed to the Plaintiff. *Kirk, supra*, at 774. *See, also*: *Byrd v. Hustler*, 433 So.2d 593 (Fla. 4th DCA 1983).

4. The Court finds that a reasonable construction of the illustration/cartoon demonstrates that it is a stylized take-off of a poster from the movie "The Sting." The illustration complained of and as applicable to Count I, is simply not defamatory of the Plaintiff under the relevant principles of the law, as discussed below.

5. The illustration which the Plaintiff, Fraternal Order of Police, Lodge No. 31, complains of is directed against police officers as a whole and therefore is not actionable as defamation, simply because defamation is an individual cause of action. Restatement (Second) of Torts, Section 564(A), 1976. The Complaint sets forth that this is an action for group libel. One who publishes allegedly defamatory material concerning a group of persons is subject to liability to an individual member only if:

"(A) The group is so small that the matter can be clearly understood to refer to the member bringing the action in defamation; or

(B) There is a particular reference to a member."

Restatement (Second) of Torts, Section 564(A), 1976.

The guiding principal concerning group libel is that defaming a large

78

group simply does not give an individual or here, the Fraternal Order of Police, Lodge No. 31, a cause of action "unless he can show special application of the defamatory matter to himself." *Schuster v. U.S. News,* 459 F.Supp. 973 (E. Minn. 1978), 4 Med.L.Rptr. 1913.

The Complaint filed in this action does not allege that any member of the Fort Lauderdale Police Department was defamed as an individual. The Plaintiff that is referred to in Count I of the Complaint is the Fraternal Order of Police, Lodge No. 31 which is clearly an organization and not an individual. As stipulated to by counsel for the Plaintiff, at the hearing on this matter, the Fraternal Order of Police, Lodge No. 31, is a group of over 400 police officers. Each member of the Fort Lauderdale Police Department is a member of the Fraternal Order of Police, Lodge No. 31.

According to the Restatement (Second) of Torts Section 564(A) and other pertinent cases in other jurisdictions:

[A]s a general rule no action lies for the publication of defamatory words concerning a large group or class persons.

Restatement (Second) of Torts, Section 564(A), Comment "A". The Restatement (Second) of Torts, Section 564(A) illustration of a group that could not maintain an action for defamation either as individuals or constituted as a group, whether that group be the Fraternal Order of Police, Lodge No. 31 or the Fort Lauderdale Police Department is as follows:

(A) A newspaper publishes the statement that the officials of the labor organizations are engaged in subversive activities. There are 162 officials. Neither the entire group nor any of them can recover for defamation.

*See also, Michigan United Conservation Clubs v. CBS,* 665 F.2d 110 (6th Cir. 1981).

6. In *CBS, supra,* the court held that "vague general references to a comparatively large group do not constitute actionable defamation". *CBS, supra,* 112. Under the Restatement (Second) of Torts, Section 564(A), *CBS, supra,* and the *Schuster* case neither an individual member of the Fort Lauderdale Police Department or a member of the Fraternal Order of Police, Lodge No. 31 would be able to maintain an action in defamation for the cartoon/illustration does not relate to them in any "personal, individual capacity." If no individual could maintain an action in defamation, then the group as a whole may not maintain an action in defamation.

7. Therefore, Count I is dismissed in its entirety with prejudice.

8. As to Count II, Count II of the Complaint is a cause of action for invasion of privacy. Neither the Fraternal Order of Police, Lodge No. 31 or any individual officer could not maintain an action for privacy because they are a group comprised of public officials. *Harrison v. Williams*, 430 So.2d 585 (Fla. 4th DCA 1983). *Russell v. Smith*, 434 So.2d 342 (Fla. 2d DCA 1983), affirmed 456 So.2d 462 (Fla. 1984).

9. In Count II of the Complaint at Page 2, the Plaintiff states that they "had an interest and right to live alone and live free of unwarranted publicity and invasion of privacy." The Plaintiff is in error for a person or a group of persons "who assumes a public role by becoming a public official thereby waives his right of privacy as to any conduct which bears on the office." *Rawlins v. Hutchinson Publishing Co.,* 543 P.2d 988 (Kansas Sup.Ct. 1975).

The Court finds that the cartoon in question clearly depicts a police officer in unfirom, therefore what was published did not concern the "private life of the Plaintiff." *Hutchinson, supra,* at 992. Further, an organization such as the Fraternal Order of Police, Lodge No. 31 or the Fort Lauderdale Police Department, cannot lay claim to a right of privacy for that right is a purely personal one. "It cannot be asserted by anyone other than the particular person whose privacy is invaded." *Werner v. Times Mirror Co.,* 14 Cal.Rptr. 208, 211 (1961), and cases cited therein.

10. For the foregoing reasons this Court hereby dismisses with prejudice the entire Complaint filed in this action.