Joseph A. PEREZ, Plaintiff,

v.

CITY OF KEY WEST, FLORIDA, and Pasco–Hernando Community College, Defendant.

No. 92–1872–CIV–T–17C.

United States District Court,
M.D. Florida,
Tampa Division.

June 1, 1993.

John A. Shahan, Law Office of John A. Shahan, Tarpon Springs, FL, for plaintiff.

N. Rives Balcom, Michael R. Piper, Johnson, Anselmo, Murdoch, Burke & George, P.A., Fort Lauderdale, FL, for defendant City of Key West, FL.

Christy L. Whitfield, Law Office of Christy L. Whitfield, Dade City, FL, for defendant Pasco–Hernando Community College.

## OMNIBUS ORDER ON MOTIONS TO DISMISS AND TO STRIKE

KOVACHEVICH, District Judge.

This cause comes before the Court on Defendants' motions to dismiss Plaintiff's complaint, or alternatively to strike, filed February 11, 1993 and February 1, 1993 respectively, and for the reasons stated herein, these motions will be denied in part and granted in part.

### BACKGROUND

Joseph A. Perez, a Tarpon Springs, Florida resident, attended Pasco–Hernando Community College, as a Police Academy cadet, from January 1991 until April 1991, under the sponsorship of the City of Key West Police Department. Plaintiff claims that on April 15, 1991 members of the Key West police force, under color of an internal affairs investigation of an officer with whom Plaintiff associated, urged Plaintiff to make untrue allegations against this associate to aid in Key West's investigation. Plaintiff alleges that those officers suggested that failure to cooperate would result in withdrawal of Plaintiff's sponsorship, thereby effectively removing him from school.

Plaintiff states that he refused to consent to their request and, as a result, on April 16, 1991, was expelled and forcibly removed from school. Further, Plaintiff claims personal investigations of public records revealed that College officials "agreed to his removal based on the fact they did not like his making what they considered were bizarre statements about past or present police, military and intelligence positions."

On the basis of these allegations, Plaintiff claims that Defendants, City of Key West and Pasco–Hernando Community College, violated: his rights to his property interests in his police certification and his liberty interests in his reputation as guaranteed by the due process clause of the Fourteenth Amendment to the Constitution and 42 U.S.C. § 1983 (Count I), and his First Amendment rights to free speech and free association (Count II).

Plaintiff also raises pendent and supplemental claims alleging that Defendants' actions and failures defamed his personal and business reputation (Count III), and violated his rights under Florida Statute 112.532, Policemen's Bill of Rights (Count IV). Finally, Plaintiff raises a claim against Defendant, City of Key West, for tortious interference with a business relationship (Count V).

Plaintiff seeks injunctive relief reinstating him to his status as a cadet comparable to that before the incident of which he complains with no greater requirements for graduation. Also, Plaintiff seeks compensatory and punitive damages for his claims as well as any pre- and post-judgment interest and attorney's fees and costs. In response, Defendants filed the noted motions which are the subject of this order.

### STANDARD OF REVIEW

Upon considering a motion to dismiss, the trial court must view the complaint in the light most favorable to the plaintiff, *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), and while the pleading must be sufficient to give the defendant fair notice of what the claim is and the grounds upon which it rests, the pleading is not required to set forth detailed facts upon which the claim is based. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Neizil v. Williams,* 543 F.Supp. 899 (D.C.Fla. 1982). Because the court must also accept well pled allegations of the complaint as true, and all ambiguities or doubts concerning sufficiency of the claim must be resolved in the name of the pleader, *Hirshon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984), the court cannot dismiss unless it appears beyond doubt that under no set of facts can plaintiff state a cause of action which would entitle it to relief. *Bradberry v. Pinellas County,* 789 F.2d 1513, 1515 (11th Cir.1986); *McKinnis v. Mosely,* 693 F.2d 1054, 1058 (11th Cir.1982).

As to motions to strike, it is well established that "the action of striking a pleading should be used sparingly by the courts ...

and should be granted only when the pleading to be stricken has no possible relation to the controversy." *Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir.1953).

## ANALYSIS

### COUNT I: 42 U.S.C. § 1983

In any § 1983 action, initial inquiry must focus on whether the conduct complained of was committed by a person acting under color of state law and whether that conduct deprived a person of such rights, privileges, or immunities as secured by the Constitution or laws of the United States. *Van Poyck v. Dugger,* 779 F.Supp. 571 (M.D.Fla.1991). Defendant, Key West moves to dismiss for failure to state a claim under § 1983 claiming Plaintiff failed to allege that official Key West policy or custom deprived Perez of his rights within the First or Fourteenth Amendments or that such conduct was attributable to a policy-making official. Defendant, Key West, also moves to dismiss for failure to state a claim stating that Plaintiff has lost no discernable property interest or liberty interest protected under the Fourteenth Amendment. Defendant, Pasco–Hernando moves to dismiss for insufficiency of process based upon Florida statutory provisions governing service of process upon community colleges.

■ This Court finds that Plaintiff has stated a claim under § 1983 by alleging (in response to Defendant's motion) that the single decision, of the policy-making Chief of Police of Key West, to withdraw the sponsorship required for police academy attendance deprived Plaintiff of his constitutionally guaranteed rights to due process. See, e.g., *Newport v. Facts Concerts, Inc.,* 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981); *Owen v. City of Independence,* 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980). Further the Court finds that Plaintiff has suffered the loss of a property interest. Although courts may be reluctant to interfere with the authority of school officials, they nonetheless recognize a right of redress from dismissal from school on grounds covered by this section. *Greenhill v. Bailey,* 519 F.2d 5 (8th Cir.1975); *Gaspar v. Bruton,* 513 F.2d 843 (10th Cir.1975).

Defendants argue that Plaintiff failed to comply with Fla.Stat. §§ 240.315, 240.317 and 768.28, respectively concerning service of process upon a community college, constitution of same as a political subdivision of the state, and the sovereign immunity which that status entitles. Regarding the applicability of § 240.315, the Court relies upon Rule 4(d)(6) Fed.R.Civ.P. which orders that service shall be made:

Upon a state or municipal corporation or other governmental organization thereof subject to suit, by delivering a copy of the summons and of the complaint to the chief executive officer thereof *or* by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant (emphasis added).

■ Further, this Court recognizes the adequacy of Plaintiff's process served upon Defendants in compliance with Rule 4(d)(6), Fed.R.Civ.P. and disregards the Florida statute raised in defense and its prescribed method of service as being optional. If a federal rule of civil procedure does not abridge, enlarge, or modify any substantive right, it must govern the aspects of litigation to which it applies, state laws to the contrary notwithstanding. *Hannah v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). As to the issue of sovereign immunity granted state entities by § 768.28, and the service requirements outlined therein, this Court is of the opinion that State-law immunities do not override a cause of action under § 1983, *Monell v. New York City Dept. of Soc. Serv.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and that the procedural rules default to Rule 4(d)(6) for the reasons stated supra. Therefore, Defendants' motions to dismiss against Count I will be denied.

### COUNT II: FIRST AMENDMENT

■ Here again, Defendants argue that Plaintiff fails to state a claim under the First Amendment and raise the defense of sovereign immunity. For the reasons stated above, the Court disregards these argu-

ments, and therefore Defendants' motions to dismiss Count II will be denied.

## COUNT III: DEFAMATION

 Again, Defendants argue that Plaintiff fails to state a claim for defamation and raise the defense of sovereign immunity under § 768.28. Defamation, whether libel or slander, must expose a person to hatred, contempt or ridicule or cause them to be shunned or avoided, or injure them in their business or occupation. *Layne v. Tribune Co.*, 108 Fla. 177, 146 So. 234 (1933). To state a cause of action for defamation, Plaintiff must allege the publication or utterance of false and defamatory statements of and concerning that private person (1), without reasonable care as to the truth or falsity of those statements (2), resulting in actual damage to him (3). *Hay v. Independent Newspapers Inc.*, 450 So.2d 293 (2nd D.C.A.1984). Whether such claim for defamation is sufficiently stated cannot be determined from Plaintiff's conclusion to the effect that the publication or utterance complained of is false and defamatory. *Cooper v. Miami Herald Publishing Co.*, 31 So.2d 382 (1947). Although the complaint need only state such words and that they were used defamatorily, the sufficiency of such a statement depends on whether the words were libelous per se. *Hammond v. Times Publishing*, 162 So.2d 681 (2nd D.C.A.1964) reh. den. Such words are actionable per se if by general consent their character is injurious e.g., conduct, characteristics or condition incompatible with the proper exercise of his lawful business, trade, profession or office. *Joopanenko v. Gavagan*, 67 So.2d 434 (1953). If not defamatory per se, the complaint should contain allegations explaining their defamatory character and consequential injuries. *McCrary v. Post Pub. Co.*, 147 So. 259 (1933).

Upon inspection of the pleadings, this Court concludes that the alleged defamation is not actionable per se, that there is no allegation explaining the defamatory character, and thus, finds that Plaintiff falls short of stating a claim. Accordingly, Defendants' motions to dismiss Count III will be granted.

## COUNT IV: POLICEMEN'S BILL OF RIGHTS

 Defendant, Key West, argues that Plaintiff fails to state a claim for relief under § 112.532. The Court acknowledges, and Plaintiff concedes, that Plaintiff fails to meet the definition of law enforcement officer under § 112.531, the class the statute was designed to protect. Therefore, Plaintiff is prevented from seeking relief thereby. Therefore Defendant's motion to dismiss Count IV will be granted.

## COUNT V: TORTIOUS INTERFERENCE

 Defense again raises the issue of sovereign immunity. Further, it is alleged that as a party to the contractual relationship between Plaintiff and Defendant, Pasco–Hernando, a cause of action for tortious interference with a contractual or business relationship does not exist. *Ethyl Corp. v. Balter*, 386 So.2d 1220 (3rd D.C.A.1980). To establish a claim for tortious interference with a contractual relationship, one must allege the existence of a business relationship under which the plaintiff has legal rights (1), an intentional and unjustified interference with that relationship by defendant (2), and damage to plaintiff as a result of the breach of that relationship (3). *Nitzberg v. Zalesky*, 370 So.2d 389 (3rd D.C.A.1979). The Court cannot find that Plaintiff has satisfied the pleading requirements on this issue. The complaint fails to explicate any "contractual" relationship to support this allegation. Therefore, Defendant's motion to dismiss Count V will be granted.

## RELIEF

 Defendants move to dismiss, or alternatively to strike, Plaintiff's prayer for injunctive relief, punitive damages, pre- and post-judgment interest and attorney's fees. The remedy of injunction is within Court's discretion and thus it shall generally entertain such proposals as long as there is no adequate remedy at law. Accordingly, Pasco–Hernando's motion to strike injunctive relief will be denied.

Plaintiff concedes to Key West's motion to dismiss punitive damages. Therefore, De-

fendant, Key West's, motion to dismiss punitive damages will be granted.

Because § 1983 does not expressly prohibit pre-judgment interest, and other Courts have seen fit to entitle same, *Heritage Homes of Attleboro, Inc. v. Seekonk Water Dist.,* 648 F.2d 761 (1st Cir.1981), vacated on other grounds, 454 U.S. 807, 102 S.Ct. 81, 70 L.Ed.2d 76 (1981), Defendants' motions to dismiss and to strike will be denied.

Finally, according to 42 U.S.C. § 1988, and for other reasons stated above, this Court may allow the prevailing party a reasonable attorney's fee. Therefore, Defendant's motion to dismiss will be denied. Accordingly, it is

ORDERED that the motions to dismiss Counts III, IV, V and the motion to strike prayer for punitive damages be granted, and in all other respects be denied. Defendants shall have ten (10) days from the date of this order to file an answer to the remaining allegations of the complaint.

**DONE AND ORDERED.**