FELIX SHARP v. JOSEPH A. BUSSEY

187 So. 779.
Opinion Filed March 10, 1939.
Rehearing Denied April 25, 1939.

*Milam, McIlvaine & Milam* and *Harry Katz,* for Plaintiff in Error;

*John E. Mathews,* for Defendant in Error.

PER CURIAM.—In an action for slander, a demurrer to the declaration was overruled and on a plea of not guilty a verdict for $25,000.00 damages was returned. On motion for new trial the court suggested a remittitur of $10,-000.00 which was entered and judgment for $15,000.00 damages to the plaintiff was rendered. Writ of error was taken by the defendant.

The declaration is as follows:

### "First Count

"Comes now the plaintiff Joseph A. Bussey, and sues the defendant, Felix C. Sharp, for that during the month of July, A. D. 1936, and prior thereto, the plaintiff was a person of good name, fame and reputation, and deservedly enjoyed the esteem and good opinion of his neighbors and other worthy citizens of Florida and he was residing at the Beach of Jacksonville, Florida, and was Mayor of said city. Yet the said defendant, well knowing the premises,

by wrongfully and maliciously intending to injure, prejudice and aggrieve the plaintiff, and to bring him into public scandal, disgrace and disrepute and to injure his good name and reputation, falsely, and maliciously and wickedly published verbally of and concerning the plaintiff during the said month of July, 1936, on divers dates during said month to his neighbors, and to divers good and worthy citizens of the State of Florida, the following false malicious, defamatory and slanderous words and matters of and concerning the plaintiff, to-wit: 'Joe Bussey was at a negro dance hall, dancing with negro wenches.' Meaning thereby to charge that the said Joseph A. Bussey, the plaintiff, who is and was a respectable white man, had danced with negro women.

"Whereby, by means of the committing of the said grievance by the defendant, the plaintiff has been and is greatly injured in his good name, fame and reputation, and has been humiliated and brought into public scandal and disgrace, and has been and is greatly injured, prejudiced and aggrieved to the damage of the plaintiff in the sum of $50,000.00.

### "Second Count

"And for a second count of the declaration, the plaintiff says that he is a white man, and has lived for many years at Jacksonville Beach, Florida, and for many years has been Mayor of the City of Jacksonville Beach, and was such Mayor during the month of July, A. D. 1936, and until the time of the committing of the several grievances hereinafter mentioned, was a person of good name and reputation, and deservedly enjoyed the esteem and good opinion of his neighbors and other worthy citizens of the State of Florida. Yet the said defendant, well knowing the premises, wrongfully and maliciously intending to injure, prejudice, aggrieve and degrade the plaintiff and to bring him

into public scandal, disgrace and disrepute, and to injure his good name and reputation, falsely, wickedly and maliciously published verbally of and concerning the plaintiff during the month of July, A. D. 1936, to many of his neighbors and to divers good and worthy citizens of the State of Florida, the following false, malicious, defamatory and slanderous words, to-wit: 'Joe Bussey danced with negro wenches at a negro dance hall.' Meaning thereby to charge that the sa'd Joseph A. Bussey, plaintiff herein, had danced with negro women.

"The said words were spoken by said defendant with malice, and were spoken for the purpose and with the intent to cause injury to the plaintiff in his personal, social, official or business relations of life, and the natural and proximate consequence of speaking said words was to injure the plaintiff in his personal, social, official or business relations of life.

"Whereby, by means of the committing of the said grievances by the defendant, the plaintiff has been and is greatly injured in his good name, fame and reputation, and has been humiliated and brought in.o public scandal and disgrace, and has been and is greatly injured, prejudiced and aggrieved in his personal, social, official or business relations to the damage of the plaint.ff in the sum of $50,-000.00."

This action is for slander, not libel. See Williams v. Riddle, 145 Ky. 459, 140 S. W. 661, 36 L. R. A. (N. S.) 974; Pollard v. Lyon, 91 U. S. 225, 23 L. Ed. 308. The words alleged to have been spoken to others *and the alleged meaning of such words* as used are as follows:

" 'Joe Bussey was at a negro dance hall, dancing with negro wenches.' Meaning thereby that the said Joseph A. Bussey, the plaintiff, who is and was a respectable white man, had danced with negro women." and " 'Joe Bussey

danced with negro wenches at a negro dance hall.' Meaning thereby to charge that the said Joseph A. Bussey, plaintiff herein, had danced with negro women."

The word "wenches' does not always or necessarily mean "unchastity, but may mean servant or maid. As used in this case it is alleged to mean negro woman" which is one of the dictionary meanings and has no necessary implications of unchastity.

We think both counts of the declaration sufficiently state a cause of action. In Briggs v. Brown, 55 Fla. 517, 46 Sou. 325, it was held:

"Where injurious consequences do not result from the tortious act by implication of law as where they naturally and necessarily follow the act, they must be specially alleged and such allegations should be confined to damages for injurious consequences that reasonably, naturally and proximately result from the tort."

And it was held, in the same case:

"Where injury naturally and proximately results from a wrongful publication * * * damages may be recovered for such injury. If the publication is not actionable *per se* i. e., naturally and necessarily injurious, special damages should be alleged."

In that case it was also held:

"Where a publication is false and not privileged and is such that its natural and proximate consequence necessarily causes injury to a person in his personal, social, official or business relations of life, wrong and injury are presumed or implied, and such publication is actionable *per se.*"

It is our view that the language alleged to have been used by the defendant of and concerning the plaintiff, if false and not privileged, was such that its natural and proximate consequences necessarily caused injury to the plain-

tiff in his social, official and business relations of life. This is necessarily true because it is indisputable and a matter of common and general knowledge that if a white man residing in Jacksonville Beach or anywhere else in Duval County, Florida, were to in truth and in fact attend dances at a negro dance hall and dance with negro women, his business and social standing would be completely wrecked. He would forfeit the respect and confidence not only of the white people of that section, but would be held in contempt and be despised by the self-respecting negro citizens.

It appears, however, that the verdict of the jury was so excessive as to show upon its face that the jury went far beyond what was warranted by the evidence in arriving at the damages sustained or by arriving at the damages sustained together with punitive damages that might properly have been assessed and that under the evidence a further remittitur should be required as a condition of affirmance. Therefore, if the plaintiff in the court below shall enter a further remittitur of $5,000.00, thereby reducing the judgment to $10,000.00, within fifteen days of the filing of the mandate in the court below, the judgment will stand affirmed for that amount; otherwise, the judgment shall stand reversed and a new trial granted.

So ordered.

TERRELL, C. J., and WHITFIELD, BUFORD and CHAPMAN, J. J., concur.

BROWN and THOMAS, J. J., concur in the conclusion.