Action by Lottie Mann against Roosevelt Shop, Inc., a corporation trading and doing business as Radio Center, for slander. Judgment for defendant and plaintiff appeals.
Affirmed.
On this appeal we review a judgment holding plaintiff's declaration bad. The action is for slander.
The plaintiff, a white woman, while in defendant's store, claims she was slandered by having the following language addressed to her by defendant's agent and employee while acting within the scope of employment:
"You are not as good as a Negro. I was hired here to see that Negros were not pushed around. Negroes have a kind, loving heart and you came from Georgia and you are not as good as a Negro."
"You are not good enough to associate with Negro women or sleep with a Negro man."
As a result of the spoken words plaintiff avers she was injured in her good name, fame and reputation and has been humiliated and brought into public scandal.
Plaintiff relies upon our opinion, Sharp v. Bussey, 137 Fla. 96, 187 So. 779, also 121 A.L.R. 1148, at page 1151, for a reversal of the judgment. In distinguishing these cases as we propose to do, it is well to re-examine some well-recognized authorities on the subject of defamation. The action of slander is to redress an injury to the reputation of a person. In that sense the injury to the individual is indirect or remote. Redress in the court does not extend to spoken words constituting a personal insult only. See Foundations of Legal Liability by Street, Vol. 1, page 285; Restatement of the Law of Torts, Chapter 24 — Defamation; 33 Am.Jur., Libel and Slander.
In the case at bar we have only the expression of an opinion relating to the plaintiff's social standing, whereas in the case of Sharp v. Bussey, supra, there was a direct and specific charge of a fact which, if true, would injure the plaintiff. In that respect the cases are essentially different. The case at bar presents a case of gross insult; however the law affords no redress for insult alone. See MacIntyre v. Fruchter, Sup., 148 N YS. 786.
We also call attention to the annotations in 121 A.L.R., page 1151, following the report of our case of Sharp v. Bussey.
It follows from what we have said the judgment is affirmed.
CHAPMAN, SEBRING and HOBSON, JJ., concur.