132 So.2d 430 (1961)
Betty J. CARTER, Appellant,
v.
STERLING FINANCE CO., a corporation, Appellee.
No. C-357.
District Court of Appeal of Florida. First District.
August 22, 1961.
Chas. R. Hess and Donald G. Nichols, Jacksonville, for appellant.
*431 Mathews, Osborne & Ehrlich, Jacksonville, for appellee.
RAWLS, Judge.
The appellant, plaintiff below, filed her third amended complaint in a slander action against the appellee, defendant below. The trial judge held that the complaint, as amended, failed to state a cause of action in that the words alleged to have been spoken by appellee were not slanderous per se. This appeal is from the order dismissing plaintiff's complaint.
The complaint, as amended, alleged that plaintiff was a person of good name, credit and reputation and deservedly enjoyed the esteem and good opinion of her neighbors and other worthy citizens of the state; that defendant, well knowing the premises, but wickedly and maliciously intending to injure plaintiff and bring her in public scandal and disgrace, on or about March 6, 1960, in the City of Jacksonville, Florida, wickedly and maliciously spoke and published of and concerning the plaintiff the false, scandalous, malicious and defamatory words following, that is to say, "Betty Carter is a deadbeat and not an honest person," as a result plaintiff was injured in her good name, fame and reputation and was caused to be humiliated and embarrassed and brought into public scandal and disgrace and plaintiff was to be caused to suffer great physical and mental pain and anguish and plaintiff was injured and damaged in her personal, social, official and business relations (emphasis supplied) and in her credit standing and position, and plaintiff claims exemplary and punitive damages in addition to compensatory damages.
The question to be resolved on this appeal is: Whether the words "Betty Carter is a deadbeat and not an honest person," are slanderous per se and coupled with other pertinent portions of plaintiff's complaint, as amended, states a cause of action? We think the question should be answered in the affirmative.
Florida case law is well developed in distinguishing slander per se and slander per quod. The defendant places great emphasis on Campbell v. Jacksonville Kennel Club, Fla. 1953, 66 So.2d 495, 497, in which the Court stated:
"It is established in most jurisdictions that an oral communication is actionable per se  that is, without a showing of special damage  if it imputes to another (a) a criminal offense amounting to a felony, or (b) a presently existing venereal or other loathsome and communicable disease, or (c) conduct, characteristics, or a condition incompatible with the proper exercise of his lawful business, trade, profession, or office, or (d) the other being a woman, acts of unchastity. See Restatement, Torts, Section 570."
However, in Sharp v. Bussey, 1939, 137 Fla. 96, 187 So. 779, 780, 121 A.L.R. 1148, the Supreme Court of Florida laid down an additional basis for slander per se in which case the Court stated:
"Where a publication is false and not privileged, and is such that its natural and proximate consequence necessarily causes injury to a person in his personal, social, official or business relations of life, wrong and injury are presumed or implied, and such publication is actionable per se."
Joopanenko v. Gavagan, Fla. 1953, 67 So.2d 434, was a similar case to the one that is now under consideration. In that case it was alleged that the defendant spoke the following words in the presence of 1,500 people: "Don't let that man speak, I know him and he is a communist." The trial judge dismissed the complaint on the grounds that such statement did not come within the purview of the factors enumerated in Campbell v. Jacksonville Kennel Club, supra.
*432 In reversing the trial judge, Mr. Justice Mathews speaking for the Court, stated:
"It should be noted that the Court below based its order upon the failure of the amended complaint to charge (a) a criminal offense, or (b) a present existing venereal or other loathsome and communicable disease, or (c) conduct, characteristics or a condition incompatible with the proper exercise of his lawful business, trade, profession or office."
and again reiterated the Florida doctrine enunciated in Sharp v. Bussey, supra.
Consequently, the question must be resolved by interpreting the words "deadbeat" and "not an honest person."
In the Joopanenko v. Gavagan case, supra, the Court stated:
"In determining the basic question of whether certain language is defamatory, so as to give rise to an action for slander, the words used `are not to be construed or taken in their mildest or most grievous sense, but in that sense in which they may be understood and in which they appear to have been used and according to the ideas which they were adopted to convey to those who hear them or to whom they are addressed.' Budd v. J.Y. Gooch Co., 157 Fla. 716, 27 So.2d 72, 74. The publication made should be construed as the common mind would understand it. Cooper v. Miami Herald Pub. Co., 159 Fla. 296, 31 So.2d 382; Richard v. Gray, Fla., 62 So.2d 597; Sharp v. Bussey, 137 Fla. 96, 187 So. 779, 121 A.L.R. 1148."
Webster's New International Dictionary Second Edition, unabridged, G & C Merriam Company, Page 674, defines deadbeat as "a man without financial resources, a sponge, a beat"; and on page 748, it defines dishonesty as: "want of honesty; probity or integrity in principle; want of fairness and straightforwardness; a disposition to defraud, deceive or betray; faithlessness." In Commander v. Pedersen, 1934, 116 Fla. 148, 156 So. 337, 340, the Florida Supreme Court in holding that calling a man a "crook" was slander per se stated:
"The word `crook' has come to have a very definite meaning amongst the people of all English speaking countries. To charge that one is a `crook' is in effect to charge that such a one is unscrupulous, dishonest, and not worthy of confidence and, therefore, a person deliberately and outside of a privileged communication charges, either orally or in writing, that another is a `crook' such language is actionable per se * * *"
We are of the opinion that construing the words "deadbeat and not an honest person" according to the ideas which they were adopted to convey to those who hear them or to whom they are addressed, brings them within the previous slander per se doctrines enunciated in this jurisdiction.
Defendant lays great stress on the lack of an allegation pertaining to plaintiff's trade or business. It is well settled that a motion to dismiss admits all allegations well pleaded for the purpose of testing the sufficiency of a complaint, F.R.C.P. 1.11, Vol. 2, Annotations to Official Florida Statutes, 30 F.S.A.; therefore, at this stage of the cause, it is admitted that plaintiff was injured and damaged in her "personal, social, official and business relations."
The ability of plaintiff to prove her allegations is not before us, and this decision applies solely to the sufficiency of plaintiff's complaint to withstand a motion to dismiss. We hold that the complaint states a cause of action.
The order dismissing the third amended complaint is reversed for further proceedings in line with this opinion.
CARROLL, DONALD K., Chief Judge, and WIGGINTON, J., concur.