**Andrew NANEZ, John Verfuerth,**
**Plaintiffs,**

v.

**Robert RITGER d/b/a Dave's Lanes,**
**Hartford, Wisconsin, Defendant.**

**No. 69–C–37.**

United States District Court
E. D. Wisconsin.

Sept. 11, 1969.

S. A. Schapiro, Milwaukee, Wis., for plaintiffs.

Gimbel & Gimbel, Milwaukee, Wis., for defendant.

DECISION and ORDER

MYRON L. GORDON, District Judge.

This case is before the court on the defendant's motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b) (6), Federal Rules of Civil Procedure. The action arises under 42 U.S.C. § 1983, and the parties have submitted briefs and affidavits.

The general rule, as stated in Valle v. Stengel, 176 F.2d 697, 701 (3rd Cir. 1949), is that:

"[t]he allegations of the complaint as amended and the inferences to be drawn therefrom, upon a motion to dismiss, must be taken most favorably to the plaintiffs."

The court in York v. Story, 324 F.2d 450, 453 (9th Cir. 1963), extended this rule in the following terms:

"In determining that question due regard must be had for the accepted

rule that a complaint is not subject to dismissal on the ground that there is a failure to state a claim upon which relief can be granted, 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101, 102, 2 L.Ed.2d 80. This rule is applicable in civil rights actions."

■ If the court finds that the complaint may state a cause of action, the court may then examine the opposing affidavits to discover if there is a fact issue. If there is no fact issue, the court can resolve the conflict by summary judgment. Pursuant to Rule 12(b), Federal Rules of Civil Procedure, the motion to dismiss is treated as a motion for summary judgment.

42 U.S.C. § 1983 states:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

Under the aforesaid statute, a plaintiff must by his allegations and affidavits be able to show (1) that the defendant acted under "color of law" and (2) that plaintiffs were deprived of a benefit "secured by the Constitution and laws."

An examination of the plaintiffs' case in a light most favorable to the plaintiffs indicates the following: The defendant is the proprietor of a combination tavern and restaurant; the plaintiffs attempted to secure service at the defendant's establishment and were ordered to leave; when they refused to leave, the defendant obtained the assistance of two local police officers in removing the plaintiffs from the premises. The plaintiffs further allege that they were peaceable, quiet, clean and neatly dressed.

The plaintiffs allege no discrimination on the basis of race, color, religion, or national origin. Rather, the gravamen of their complaint is the alleged violation of their "right to freely and peaceably [sic] move about in public places". If there is no such right guaranteed by the Constitution and laws, the motion to dismiss must be granted.

■ The Civil Rights Act of 1964, specifically 42 U.S.C. § 2000a, prohibits discrimination on the grounds of race, color, religion, or national origin in a place of public accommodation. The plaintiffs do not claim that they were discriminated against on any of these specific grounds. However, to fit under § 1983, an act of discrimination need not be on any of the four specific grounds spelled out in the Civil Rights Act; any invidious discrimination would appear to be covered. This result seems to follow from such decisions as Bonanno v. Thomas, 309 F.2d 320, 321 (9th Cir. 1962).

■ In my opinion, a citizen has a protected right to move about freely and peaceably in public places. For example, he has the right to make use of a public park or building, subject to reasonable regulations, without fear of being discriminately removed therefrom.

■ 42 U.S.C. § 1983 is to be construed liberally. Basista v. Weir, 340 F.2d 74, 81 (3rd Cir. 1965). Thus, it is likely that a tavern-restaurant would qualify as a public place under that statute. See Avins, What is a Place of "Public" Accommodation?, 52 Marq. L.Rev. 1, 42 (1968). Since the question of whether plaintiffs' constitutional rights have been violated may hinge on the extent of what is included under the term "public place", any interpretation under related statutes, such as the Civil Rights Act of 1964 is helpful. 42 U.S.C. § 2000a. The types of places which have been designated as places

of public accommodation suggest that the defendant's place of business would be included. See 52 Marq.L.Rev. at 42.

Can it be said, upon this motion, that the plaintiffs' right to due process has not been violated? Marshall v. Sawyer, 301 F.2d 639 (9th Cir. 1962), held that due process had been violated when the plaintiff was banned from a state's gambling casinos by the circulation of a "black book" which was published by a state commission. There, the plaintiff's right to due process was found to be violated because he was denied a hearing. There is an analogy to the matter at hand, even though a bartender need not grant a patron a hearing before he can have him ejected for disorderly behavior; but where that man charges discrimination, he has a right to be heard. Similarly, Constantineau v. Grager, opinion by three-judge court, 302 F.Supp. 861, (E.D.Wis. August 13, 1969), held that the "posting" of the notice (without a prior hearing) barring the plaintiff from obtaining liquor was unconstitutional partly because it held her up to "public embarrassment and ridicule". The plaintiffs in the case at bar allege that they were clean and orderly and gave the defendant no grounds to eject them. Assuming such to be true for the purpose of resolving this motion, I find a possible violation of constitutional rights.

To fall under 42 U.S.C. § 1983, the defendant must have been acting under color of law, and from the allegations of the complaint, it appears that he was. Baldwin v. Morgan, 251 F.2d 780, 786 (5th Cir. 1958), held that an act can be under color of law even though the official was acting contrary to or in excess of power conferred upon him. In Valle v. Stengel, 176 F.2d 697, 702 (3rd Cir. 1949), the court said:

> "[t]he fact that Stengel, a law-enforcement officer, was acting in defiance of the law * * * will not serve as a defense and, since the complaint alleges in effect that he aided and abetted the corporate defendant

and the managing defendants, his actions may be attributed to them and treated as their own."

In the case at bar, the complaint charges that the defendant acted "in the company of two police officers" and "had plaintiffs removed from said public premises". Thus, it cannot be said at this time that the defendant was not acting under color of law when he had the plaintiffs removed from his business place.

Now, therefore, it is ordered that the defendant's motion to dismiss be and hereby is denied.