**Alvin LUCAS, on behalf of himself and all others similarly situated,**

v.

**WISCONSIN ELECTRIC POWER COMPANY, a Wisconsin public utility corporation, and Arthur Padrutt, et al.**

**No. 70–C–359.**

United States District Court,
E. D. Wisconsin.

Dec. 16, 1970.

**338**

Robert D. Repasky (Milwaukee Legal Services) Milwaukee, Wis., for plaintiff.

Benjamin Southwick, Asst. Atty. Gen., Madison, Wis., for Arthur Padrutt, Michael Comar and others.

Van B. Wake, Milwaukee, Wis., for Wisconsin Electric Power Co.

## OPINION AND ORDER

TEHAN, Chief Judge.

The defendants, Arthur Padrutt, Michael Comar and Chester Harrison, Wisconsin Public Service Commissioners,

have moved to dismiss this action for failure of the amended complaint to state a claim on which relief can be granted and for failure to state a substantial federal question. The remaining defendant, Wisconsin Electric Power Company, has answered the complaint denying jurisdiction and joined in the motion by filing a brief urging dismissal. Briefs with respect to the motion have been filed, argument has been waived and the court is prepared to render its decision.

The amended complaint alleges that the plaintiff, Alvin Lucas, authorized electrical service at his residence, was billed therefor, and paid his bill in cash on December 23, 1969 without getting a receipt. Payments of subsequent bills were made but the plaintiff refused to pay any arrearage.[1] He notified the Wisconsin Electric Power Company of his claim, but has been given notice that his electrical service will be discontinued due to alleged arrearages.

The plaintiff challenges § 113.13(4)[2] of the Wisconsin Administrative Code, which "permits the termination of electrical service for alleged non-payments of an arrearage charge without provision for a hearing and right to defend disputed charges" as violative of due process, asserts that the Wisconsin Electric Power Company's practice and usage, pursuant to its tariff, of terminating electrical service without proper notice and hearing violates due process and seeks a judgment declaring § 113.13(4) and the Wisconsin Electric Power Company's practice and usage unconstitutional and enjoining action pursuant thereto. He seeks to prosecute this action as a class action and requests the convening of a three-judge court. Jurisdiction is asserted under Title 28, U.S.C. § 1343 by reason of the allegation of a

1. Apparently the plaintiff claims that he has not been credited with the payment of December 23, 1969, and that it is in this regard that an arrearage is asserted.

2. § 113.13(4) provides in relevant part: "§ 113.13(4) DISCONNECT RULE.

(a) Service may be disconnected if a customer's current bill for service as defined in the utility's filed rules is not paid within a reasonable period set forth in said rules."

cause of action under Title 42, U.S.C. § 1983.

After carefully reviewing the amended complaint and considering the position of the plaintiff, we conclude that the plaintiff has failed to state a cause of action over which this court has jurisdiction, and the action must be dismissed. § 1343, Title 28 U.S.C. confers jurisdiction over actions to redress deprivations of constitutional rights occurring "under color of any State law * * * regulation, custom or usage," and § 1983, Title 42 U.S.C. confers a right of action upon persons suffering such deprivations. We see no action taken under color of any State law, regulation, custom or usage alleged in the amended complaint.

As the plaintiff admits in his brief in opposition to the motion to dismiss, the Wisconsin Electric Power Company, although a public utility, is a private company. No claim is made that it is in any way an agency of the State or any subdivision thereof. We know of no authority justifying a ruling that solely because, as a public utility, it is subject to greater regulation than other private corporations or private individuals, its action must be considered state action.[3]

It is elementary that the jurisdictional sections relied upon by the plaintiff are directed to redress of a deprivation of rights by actions of the State and do not confer jurisdiction over causes of action based upon alleged invasions of a plaintiff's constitutional rights by individuals. Of course, even private corporations and individuals can be proceeded against under those sections when the alleged invasion is made possible because they are exercising a right possessed by virtue of State law, or where State officials are involved. The amended complaint clearly reveals that that is not the situation in this case.

In effect, the plaintiff complains of the refusal of the Wisconsin Electric Power Company to extend credit. Under common law, this refusal is permissible on the part of a creditor absent some valid State prohibition. The regulation here challenged, which forms the basis for the plaintiff's cause of action and request for a three-judge court, in no way enlarges that common law right of creditors. Rather, it limits that right by requiring that the customer's non-payment exist for a reasonable period set forth in the utility's filed rules before extensions of credit be refused. In reality the plaintiff claims that further limitation is constitutionally mandated.

What the plaintiff is asking the court to rule is that the State is under a positive duty to require a private creditor, in determining whether to deny or extend credit, to recognize the due process rights (as interpreted by the plaintiff) of the customers with whom it deals. While the request in this case concerns a public utility, this ruling, if appropriate, would appear to be equally applicable to other private creditors, particularly other private corporations, which are licensed by the State and subject, like utilities although to a lesser extent, to State regulation. Such a ruling would ignore the well-established principle that the State, even in matters involving equal protection rights of its citizens, may remain neutral.

The existence of the regulation attacked by the plaintiff, which confers no right on the creditor, Wisconsin Electric Power Company, does not bring this case within the scope of § 1343.

3. We have considered the decision of the United States Supreme Court in Public Utilities Comm'n. v. Pollak, 343 U.S. 451, 72 S.Ct. 813, 96 L.Ed. 1068 (1952), and find nothing therein to compel such a ruling. That case involved not only a public utility granted a monopoly and subject to government regulation, but a situation where a regulatory body, after hearing, resolved a dispute having constitutional implications. We have also considered the decision of the Court of Appeals for this Circuit in Kadlec v. Illinois Bell Telephone Company, 407 F.2d 624 (1969), cert. den. 396 U.S. 846, 90 S.Ct. 90, 24 L.Ed.2d 95.

■■ The plaintiff also alleges that the Wisconsin Electric Power Company's practice and usage of terminating electrical service without notice and hearing is violative of the due process rights of himself and the class he represents. The practice and usage is alleged to be pursuant to its tariff which is approved by the State Public Service Commission. A custom or usage which allegedly deprives others of constitutional rights is subject to attack under § 1343 only if it is a custom or usage of the State, constituting a persistent practice of State officials. No State official is alleged to have participated in the practice complained of, and approval by the Commission of a tariff permitting acts which could be performed absent a tariff or requirement of a tariff, and even limiting the scope of those acts, does not constitute significant State action. The practice and usage is pursuant to the tariff only to the extent that the tariff does not prohibit what was not prohibited prior to its approval and in that regard, the State is merely expressing neutrality.

The plaintiff is attempting to enforce recognition of due process rights by one who does not act on behalf of the State and is given no rights under State law over and above rights possessed absent that law. We do not believe that jurisdiction over such a claim arises under § 1343. Our belief in this regard is fortified by the holding in Bright v. Isenbarger, 314 F.Supp. 1382 (N.D.Ind.1970). In his scholarly opinion in that case, Judge Eschbach noted that persons are constitutionally entitled to recognition of due process rights by States or persons acting under color of State law, that is, that they cannot be deprived of due process by State action. He stated, however, that:

" * * * the origins and central meaning of the Fourteenth Amendment and our basic societal values, as expressed by our laws, do *not* indicate that the constitutional requirement of due process which establishes the framework of the relationship between government and individuals should also be the standard for relationships between private individuals and organizations." (P. 1393)

and continued with a conclusion that the significance of State action necessary to establish jurisdiction in a § 1343 case based on due process violations is different than in cases based on equal protection violations, stating:

"Although no court has held that a different (less demanding) standard of what constitutes 'sufficient' state involvement is applicable where there are allegations of racial discrimination, the fact that only a handful of the successful 'state action' cases have not involved challenges to racial discrimination and the considerations of diversity and pluralism suggest this possibility." (P. 1394)

He then indicated that the court must examine the extent to which the State associated itself with constitutionally prohibited policies and, accordingly, the extent to which responsibility for those policies might be ascribed to the State. Since the State has not, in this case, conferred any power or right on the private company allegedly interfering with the plaintiff's right to due process, no significant State involvement can be found.

We are aware that *Bright* involved a delicate balancing of conflicting rights. Here, too, the plaintiff is not the only party who can present a "due process rights" plea to the court. Requiring the defendant, Wisconsin Electric Power Company, a private corporation, to furnish a due process hearing, with notice, to those whose credit it wishes to cut off, before terminating service, would be to require it to furnish service without pay, during the period pending such a hearing, to some from whom it could never hope to recover payment. Serious questions of violation of the creditor's Fourteenth Amendment rights as a result of such procedure would arise. The Wisconsin Electric Power Company's right to payment for its services is at

least as great as the plaintiff's right to a hearing from a private creditor prior to termination of credit.

We note, too, that the plaintiff's allegation that he has no adequate remedy at law is not free from doubt. If the plaintiff paid the contested bill here involved (the amount of which, we understand, approximates the filing fee in this court) he could sue in the State courts for repayment and obtain the hearing he desires.

Because the plaintiff has failed to state a cause of action and has raised no substantial constitutional claim,

It is ordered: That the above action be and it is hereby dismissed.