Clarence **HOLMES** and John J.
Mikals, Plaintiffs,

v.

**ELKS CLUB, INC.**, d/b/a Elks Club, a
Florida Corporation not-for-profit,
Defendant.

No. 74–720–Civ–J–R.

United States District Court,
M. D. Florida,
Jacksonville Division.

Feb. 20, 1975.

---

William J. Sheppard, Sheppard, Fletcher, Hand & Adams, Jacksonville, Fla., for plaintiffs.

John A. DeVault, III, Charles P. Pillans, of Bedell, Bedell, Dittmar, Smith & Zehmer, Jacksonville, Fla., for defendant.

## ORDER

REED, District Judge.

On 14 February 1975, the following of defendant's motions filed 23 December 1974 were heard: (1) Motion to Dismiss Amended Complaint; (2) Motion for Determination that this Cause Cannot be Maintained as a Class Action; and (3) Motion to Strike Demands for Damages in Counts I and III of the Amended Complaint. Also heard on said date was plaintiff's Motion filed on 7 January 1975 to amend the amended complaint.

The amended complaint claims in Counts I and III that the plaintiffs are entitled to recover damages under 42 U.S.C. § 1983 because the defendant's restaurant refused food service to plaintiff Clarence Holmes because of his race (Count I) and to plaintiff John J. Mikals because he was in the company of a black person (Count III).

It is alleged in the amended complaint that the defendant, in connection with the operation of its food service establishment, is licensed and regulated by an agency of the State of Florida, namely, the Department of Business Regulations. In the proposed amendment to the amended complaint, the plaintiffs also allege that the defendant is licensed by the State of Florida under Chapter 561, Florida Statutes, to serve alcoholic beverages. Assuming both these factual averments to be true, the Court is of the opinion that the amended complaint fails to state a cause of action cognizable under 42 U.S.C. § 1983.

Without meaning to belabor the obvious, a necessary predicate for a claim under § 1983 is conduct by some person acting or purporting to act under the authority of state law or state enforced custom. Adickes v. S. H. Kress & Co., 398 U.S. 144, 162, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Under the averments of the amended complaint (even as amended by the proposed amendment) the denial of food service was not done under the actual or purported authority of state law or state enforced custom. For all that appears in the amended complaint, the denial of food service was simply an act of private bigotry resting on no higher authority than individual choice.

The mere fact that the defendant holds state licenses which permit it to conduct its business is immaterial, unless the state is otherwise connected with the challenged conduct, Jackson v. Metropolitan Edison Company, 1974, 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477. See also Blouin v. Loyola University, CA 5 1975, 506 F.2d 20. For the foregoing reasons, the amended complaint, even when taken as amended by the plaintiffs' proposed amendment, does not reveal that action under color of state law required to support a claim for damages under 42 U.S.C. § 1983. The defendant's motion to strike the demands for damages should, therefore, be granted (the plaintiffs conceded in oral argument that these demands cannot be sustained under 42 U.S.C. § 2000a through 2000a–6).

Count II of the amended complaint asserts a tort claim for the defendant's alleged infliction of mental distress on the plaintiff Holmes. This plaintiff asked the Court to take jurisdiction over the claim under its power to hear pendent claims. No other basis for jurisdiction is asserted. In United Mine Workers of America v. Gibbs, 1966, 383

U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218, the principles of pendent jurisdiction are authoritatively explicated. Therein the Supreme Court established that the exercise of such discretion is a matter as to which the trial court has discretion. With respect to the exercise of same, the Court indicated that some of the factors to be considered are: (1) the predominance of the state issues; (2) the desirability of allowing state courts to decide issues of state law; and (3) the relationship of the state claims to any federal policy.

In the case law of Florida, there is emerging a remedy in tort for the redress of intentionally inflicted mental distress. However, the elements of the tort are ill-defined and the appellate opinions indicate conflict within the state court system on the division of function as between judge and jury. The diverse results reached in the following cases readily illustrate the problem: Mann v. Roosevelt Shop, Inc., Fla. 1949, 41 So.2d 894; Slocum v. Food Fair Stores, Fla.1958, 100 So.2d 396; Korbin v. Berlin, Fla.App.3d 1965, 177 So.2d 551, cert. denied, 183 So.2d 835; and Sacco v. Eagle Finance Corp. of North Miami Beach, Fla.App.3d 1970, 234 So.2d 406.

■ From the foregoing, it appears that the better course for this Court to take is to decline jurisdiction and allow the parties to litigate the pendent claim in the state court system and thereby obtain a more certain determination of the pertinent state law.

■ The foregoing conclusion is fortified by the consideration that the pendent claim, were it to proceed here, might well become the predominant claim because of the monetary damages sought (see Wiggs v. Courshon, S.D. Fla.1973, 355 F.Supp. 206, appeal dismissed, CA 5 1973, 485 F.2d 1281). Likewise, the denial of pendent jurisdiction is supported by the fact that federal policy, as reflected in the Public Accommodations Law, does not favor the award of money damages as a remedy for discrimination in public accommodations. See 42 U.S.C. § 2000a-3; see also Newman v. Piggie Park Enterprises, 1968, 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263. Therefore, it is

Ordered:

1. The Motion to Dismiss is granted as to Count II of the amended complaint and is granted as to Counts I and III to the extent that such counts purport to assert claims under 42 U.S.C. § 1983.

2. The Motion to Strike is granted.

3. Ruling on Motion For Determination That This Cause Cannot Be Maintained As A Class Action is deferred until the pleadings are settled.

4. Plaintiffs' Motion for Leave to Amend the Amended Complaint is granted.

5. Plaintiffs shall have twenty days from the date of this order within which to file such further amended complaint as they may be advised and the defendant shall have twenty days from the service of any such further amended complaint within which to file such responsive pleadings as it may be advised.