Ramona HUGHES, Plaintiff,

v.

MARC'S BIG BOY, Defendant.

Civ. A. No. 78–C–514.

United States District Court,
E. D. Wisconsin.

Nov. 20, 1979.

Joseph K. Brennan, Milwaukee, Wis., for plaintiff.

Edward A. Hannan, Hayes & Hayes, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

Defendant Marc's Big Boy brings this motion under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, seeking dismissal of the complaint in the above-entitled action on the ground that the Court lacks jurisdiction to hear the case and, alternatively, on the ground that the complaint fails to state a claim upon which relief can be granted.

Plaintiff Ramona Hughes alleges in her complaint that she was refused service at one of defendant's Milwaukee restaurants, that she was falsely accused of theft by one of defendant's employees, that she was verbally harassed and insulted, that she was ordered to leave the premises, and that she did leave under the threat of forcible ejection. Plaintiff further alleges that she is black and that her treatment at the restaurant was racially motivated. Plaintiff seeks damages for this "willful humiliation" in the sum of $5,000.

Plaintiff seeks to ground the Court's jurisdiction in this matter on the allegation that she was deprived of certain "rights, privileges and immunities secured by the Constitution and laws contrary to the provisions of Section 42 United States Code, Paragraph 1983." While 42 U.S.C. § 1983 in itself does not confer jurisdiction, its jurisdictional counterpart, 28 U.S.C. § 1343(3), provides that:

"The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

\* \* \* \* \* \*

"(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

\* \* \*"

In order to establish jurisdiction under § 1343(3), a plaintiff must allege that he has been deprived of his civil rights under "color of State law." While plaintiff has alleged facts from which it can be inferred that she has been deprived of her civil rights, defendant argues that plaintiff has failed to allege that this deprivation was accompanied by the necessary state action.

The state action requirement was succinctly explained by Judge Tehan in *Lucas v. Wisconsin Electric Power Company*, 322 F.Supp. 337, 339 (E.D.Wis.1970), aff'd 466 F.2d 638 (7th Cir. 1972), cert. denied 409

U.S. 1114, 93 S.Ct. 928, 34 L.Ed.2d 696 (1973), as follows:

"It is elementary that the jurisdictional sections relied upon by the plaintiff [§§ 1343(3) and 1983] are directed to redress of a deprivation of rights by actions of the State and do not confer jurisdiction over causes of action based upon alleged invasions of a plaintiff's constitutional rights by individuals. Of course, even private corporations and individuals can be proceeded against under those sections when the alleged invasion is made possible because they are exercising a right possessed by virtue of State law, or where State officials are involved. * *"

On appeal, *Lucas v. Wisconsin Electric Power Company*, 466 F.2d 638 (7th Cir. 1972), the Seventh Circuit Court of Appeals affirmed the lower court holding and promulgated a standard for determining the presence of State action:

"The 'under color of' provision encompasses only such private conduct as is supported by state action. That support may take various forms, but it is quite clear that a private person does not act under color of state law unless he derives some 'aid, comfort, or incentive,' either real or apparent, from the state. Absent such affirmative support, the statute [§ 1983] is inapplicable to private conduct.

"We believe that affirmative support must be significant, measured either by its contribution to the effectiveness of defendant's conduct, or perhaps by its defiance of conflicting national policy * * * ." *Id.*, at 654–656.

Applying the *Lucas* standard to plaintiff's allegations, I find that there is no claim of "significant" or "affirmative" State support for defendant's actions. There is no claim that defendant or any of its employees were clothed with official power or that any official action contributed to plaintiff's treatment at the restaurant. Compare *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961).

Plaintiff seeks support in *Nanez v. Ritger*, 304 F.Supp. 354 (E.D.Wis.1969). The case is factually similar to the present case but with one controlling difference. In *Nanez*, plaintiffs were forcibly removed from defendant's restaurant by two local police officers, and it was thus found that there had been State action which had contributed to defendant's conduct. Plaintiff in the present case alleges no such official intervention. The dispute was one solely between private parties and as such, jurisdiction cannot be predicated on 28 U.S.C. § 1343(3).

■ This conclusion, however, does not resolve the present dispute. If a plaintiff alleges facts sufficient to confer subject-matter jurisdiction under any of the jurisdictional statutes, his failure to denominate the proper statute will not act to deprive the court of jurisdiction. *City Federal Savings & Loan Assn. v. Crowley*, 393 F.Supp. 644, 650 (E.D.Wis.1975). Thus, this Court must determine whether it may take jurisdiction under any of the jurisdictional statutes, whether or not specifically relied on by the plaintiff.

■ Plaintiff's allegation that she was discriminated against in a public restaurant suggests that jurisdiction is predicated upon the public accommodations provisions of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000a–2000a–6. Section 2000a(a) of the Act provides that:

"All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin."

Section 2000a–2 further provides that:

"No person shall (a) withhold, deny, or attempt to withhold or deny, or deprive or attempt to deprive, any person of any right or privilege secured by section 2000a or 2000a–1 of this title, or (b) intimidate, threaten, or coerce, or attempt to intimidate, threaten, or coerce any person with the purpose of interfering with

any right or privilege secured by section 2000a or 2000a–1 of this title, or (c) punish or attempt to punish any person for exercising or attempting to exercise any right or privilege secured by section 2000a or 2000a–1 of this title."

Finally, § 2000a–6(a) provides that:

"The district courts of the United States shall have jurisdiction of proceedings instituted pursuant to this subchapter and shall exercise the same without regard to whether the aggrieved party shall have exhausted any administrative or other remedies that may be provided by law."

Plaintiff has alleged that she was denied equal access to a place of public accommodation on account of her race. This allegation is sufficient to vest the court with subject-matter jurisdiction over the dispute under the terms of 42 U.S.C. §§ 2000a–2000a–6. Defendant contends that plaintiff has not sought the proper remedy under the Act and, further, that there has been no allegation of a continuing course of discrimination, which defendant argues is necessary to maintain a cause of action under the Act. These arguments do not go to the court's jurisdiction over the dispute and are more properly considered in conjunction with defendant's motion to dismiss for failure to state a claim upon which relief can be granted. It is to this issue that the Court now turns.

■ In regard to the remedy sought by the plaintiff, the defendant argues that 42 U.S.C. § 2000a–6(b) provides that injunctive relief shall be the "exclusive means of enforcing the rights based on this subchapter," and that since the plaintiff has not sought injunctive relief and has confined her request to money damages, this failure to seek injunctive relief is fatal to plaintiff's cause of action. This argument must be rejected. Rule 54(c) of the Federal Rules of Civil Procedure provides that "[e]xcept as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded

such relief in his pleadings." See *Kansas City, St. L. & C. R.R. Co. v. Alton R. Co.*, 124 F.2d 780 (7th Cir. 1941), wherein a district court's order to dismiss for failure to request the proper remedy was reversed. The Court stated at 783:

"'The question is not whether the Plaintiff has asked for the proper remedy but whether under his pleadings he is entitled to any remedy.' *Catanzaritti v. Bianco,* D.C., 25 F.Supp. 457.

"If the appellant has stated a cause of action for any relief, it is immaterial what he designates it or what he has asked for in his prayer; the court will grant him the relief to which he is entitled under the facts pleaded. * * *'"

Consequently, plaintiff's failure to request injunctive relief does not require that her cause of action be dismissed.

■ Defendant also contends that plaintiff's failure to allege a "pattern of conduct" requiring injunctive relief must cause her complaint to be dismissed. Apparently defendant contends that a single act of discrimination cannot provide a basis for relief under the Act. Defendant cites no authority in support of this argument, and the language of the statute would seem to lead to the opposite conclusion. As already noted, § 2000a–2 provides that no person shall deprive *any* person of *any* right or privilege secured by the Act. Section 2000a–3(a) further provides that:

"Whenever any person has engaged or there are reasonable grounds to believe that any person is about to engage in *any* act or practice prohibited by section 2000a–2 of this title, a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order, may be instituted by the person aggrieved * *." (Emphasis added.)

There is no requirement that plaintiff allege a continuing course of conduct or pattern of discrimination. It is sufficient that she allege that defendant has engaged in any act or practice prohibited by the Act. This she has done. Accordingly, plaintiff

has stated a claim upon which relief can be granted and defendant's motion must be denied.

 Defendant also asks the Court to refuse to take pendent jurisdiction over any State law causes of action which plaintiff's complaint may contain. Although not specifically denominated as such, the complaint does contain allegations which, if proved, would under Wisconsin law subject defendant to liability for defamation. See *Converters Equipment Corp. v. Condes Corp.*, 80 Wis.2d 257, 258 N.W.2d 712 (1977). Since the alleged defamation clearly arose out of the same set of operative facts as the claim under the Civil Rights Act, the Court has the power to assume jurisdiction over the State cause of action as well. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Whether this power should actually be exercised is a discretionary matter with the Court. *Gibbs*, supra, at 726, 86 S.Ct. 1130. Unlike the case of *Holmes v. Elks Club, Inc.*, 389 F.Supp. 854 (M.D.Fla.1975), cited by defendant, assuming jurisdiction over the State cause of action in this case would not mean venturing into an unsettled or uncertain area of State law. The law of defamation, unlike the law of infliction of emotional harm, is not in a state of flux, and entertaining an action for defamation would not require the Court to decide novel questions of Wisconsin law.

The Court also disagrees with the Court's statement in *Holmes* that assuming pendent jurisdiction over a State action for money damages contravenes the federal policy of limiting the remedy in cases of discrimination in public accommodations to injunctive relief. While federal policy may limit the recovery that may be had for the discriminatory act itself, there is no evidence that Congress sought to limit recovery for separate tortious conduct which may have accompanied the act of discrimination.

This was the conclusion reached by the Court in *Sherrod v. Pink Hat Cafe*, 250 F.Supp. 516 (N.D.Miss.1965). In that case, plaintiff sought to append a state claim for assault and battery to a claim under the public accommodations provisions of the Civil Rights Act of 1964. After determining that the alleged assault had arisen out of the same set of operative facts as the civil rights claim and that much of the same evidence would be necessary to establish both claims, the Court rejected the argument that the Civil Rights Act precluded jurisdiction over State claims for money damages. "There seems to be no valid reason why a right to damages for injuries inflicted upon a person as a result of depriving him of his rights under the Civil Rights Act of 1964, should not be considered as fulfilling and making effective the purpose of that act in the same way that the state wrongful death act makes effective the purpose of section 1983. * * *" *Id.*, at 520.

Plaintiff's state and federal claims arose out of the same set of operative facts. Much of the same evidence will be necessary to prove both claims. Section 2000a–6(b) provides that nothing in the Act "shall preclude any individual * * * from asserting any right based on any other Federal or State law not inconsistent with this subchapter * * * or from pursuing any remedy, civil or criminal, which may be available for the vindication or enforcement of such right." It is the Court's opinion that "plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138 (1966). Accordingly, the Court will assume jurisdiction over any State law causes of action contained in the complaint. Of course, if it later appears that the federal claim is insubstantial (due, for instance, to an inability to prove racially motivated discrimination), the Court will be free to reconsider its assumption of jurisdiction over the State action. "Once it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage, the state claim may fairly be dismissed." *Gibbs*, supra, at 727, 86 S.Ct. at 1140.

IT IS THEREFORE ORDERED that defendant's motion to dismiss the complaint be and hereby is denied.

IT IS FURTHER ORDERED that defendant serve and file an answer to plaintiff's complaint within twenty days of the filing date of this order.