**Melba GOODMAN, Plaintiff,**

v.

**The BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT 524, and James D. Koehler, President, Moraine Valley Community College, Defendants.**

**No. 80 C 1870.**

United States District Court,
N. D. Illinois, E. D.

April 9, 1981.

E. James Gildea, Schwartz & Freeman, Chicago, Ill., for plaintiff.

Alan M. Levin and Mark Juster, Dorfman, Cohen, Laner & Muchin, Ltd., Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

Melba Goodman, a former employee of Moraine Valley Community College, has filed the present action against the Board of Trustees of Community College District 524 and James D. Koehler, President of Moraine Valley Community College. The Board of Trustees is the governing board of Moraine Valley Community College. Presently before the court is defendants' motion to dismiss Counts III and IV of plaintiff's amended complaint. Defendants contend that Counts III and IV should be dismissed for lack of pendent jurisdiction. In the alternative, defendants contend that Counts III and IV fail to state a claim upon which relief may be granted.

### Facts

The plaintiff is a female born on October 20, 1920. She was employed by the Board of Trustees of Moraine Valley Community College in October, 1969 and continued her employment through October 10, 1978. In 1970 she was appointed to the position of Assistant Dean of Admissions and Records. In September of 1978, the position of Associate Dean of Admissions and Records became vacant. Ms. Goodman contends that the defendants, contrary to the policies and inconsistent with the procedures of the College's Affirmative Action Program, appointed a younger and less qualified male to

the position of Associate Dean of Admissions and Records. Soon after the allegedly discriminatory appointment at issue was made, plaintiff submitted her resignation to Moraine Valley Community College.

Count I of the complaint presents a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, alleging employment discrimination on the basis of sex. Count II presents a claim under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, alleging employment discrimination on the basis of age. No issues arise as to Counts I and II of the amended complaint and it is not disputed that these counts present substantial federal claims. *See Goodman v. Board of Trustees of Community College Dist. 524*, 498 F.Supp. 1329 (1980).

Count III charges the existence of a written contract to employ plaintiff at Moraine Valley Community College through June 30, 1978. In support of this allegation plaintiff has attached a copy of the employment contract for the period July 1, 1977 through June 30, 1978 (Complaint, ¶ 32; Plaintiff's Exhibit D). Expressly incorporated in and made a term and condition of this contract are the policies and procedures of the Affirmative Action Program. A copy of this program is attached as Exhibit A to the complaint. (Complaint, ¶ 12, Exhibit A). Plaintiff alleges that an June 30, 1978 the terms and conditions of this contract were extended for an indefinite period of time by defendant Board of Trustees. A copy of a memorandum dated June 30, 1978 authorizing payment of employees at the then existing contract rate from July 1, 1978 "until such time as contracts or letters of appointment are issued" is also attached to the complaint. (Complaint, ¶ 33, Exhibit F). In addition, plaintiff alleges that the defendants breached this agreement by appointing to the position of Associate Dean of Admissions and Records a less qualified younger male in a manner inconsistent with the policies and procedures of the Affirmative Action Program.

Count IV of the amended complaint charges, in addition to those facts presented in Count III, that defendant Board of Trustees, "by actions and words" agreed to employ plaintiff after June 30, 1978 under the terms and conditions of the Affirmative Action Program. In addition, plaintiff alleges that the actions of defendant were in violation of this agreement. Federal jurisdiction of these state law employment contract claims is alleged to be founded upon the doctrine of pendent jurisdiction.

### Pendent Jurisdiction

Defendants contend that the present case is inappropriate for the exercise of pendent jurisdiction. In support of this position, defendants suggest that the issues and matters of proof involved in the state claims are substantially dissimilar to the issues and matters of proof involved in the federal claims. Therefore, according to defendants' argument, the state claims do not arise out of a common nucleus of operative facts, and the presentation of proof in all claims is likely to confuse the trier of fact. In addition, defendants argue that the state claims present novel questions of law properly left to determination by a state forum. The court is not persuaded that the exercise of pendent jurisdiction would be improper under these circumstances.

The factors to be considered in determining the appropriateness of the exercise of pendent jurisdiction are: (1) the existence of a substantial federal claim sufficient to confer subject matter jurisdiction on the court; (2) whether the state and federal claims derive from a common nucleus of operative fact; and (3) whether a plaintiff's claims are such that he would expect them all to be tried in a single judicial proceeding. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The satisfaction of the above factors, however, does not entitle plaintiff to present her state claims in a federal forum. The court, in its discretion, may decline to exercise its pendent jurisdiction when judicial economy, convenience, and fairness to the litigants will not be promoted. *Gibbs, supra* at 726, 86 S.Ct. at 1139.

In the present case, this court has previously determined the existence of a substantial federal claim sufficient to confer subject matter jurisdiction in the court. *Goodman v. Board of Trustees of Community College Dist. 524*, 498 F.Supp. 1329 (1980).

■ It is also clear from a reading of plaintiff's amended complaint that her state and federal claims arose out of a common nucleus of operative facts. Essential to plaintiff's federal and state claims are the circumstances of her employment, the relationship of the defendants' Affirmative Action Program to the appointment of an Associate Dean, and the defendants' alleged failure to comply with the requirements of this program. These factors are relevant to both the federal claims and the state claims. *See Predmore v. Allen*, 407 F.Supp. 1067 (D.Md.1976); *Jones v. Cleland*, 466 F.Supp. 34 (N.D.Ala.1978). This court also notes that a possible defense to this action, i. e. that defendants had a legitimate nondiscriminatory reason for not appointing Ms. Goodman, could be asserted against all claims. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973).

In addition, given the substantial factual similarities in plaintiff's federal and state claims, it is the court's opinion that the plaintiff's claims are such that she would be expected to try them in a single judicial proceeding. *Hughes v. Marc's Big Boy*, 479 F.Supp. 834 (E.D.Wis.1979).

■ In conclusion, it is the court's opinion that joinder of the state claims would promote the interests of judicial economy and fairness to the litigants. In addition, while the factual circumstances attending the state claims are unique, the court does not find that considerations of comity require the resolution of these legal questions in the first instance by a state forum. Under Illinois law, employment contracts are subject to the same general rules of construction as are other contracts. *Evackus v. Neff, Kohlbusch & Bissell, Inc.*, 40 Ill. App.2d 416, 189 N.E.2d 542 (1963). *Accord: Birdwell v. Hazelwood Schoot Dist.*, 352

F.Supp. 613, 625 (E.D.Mo.1972), *aff'd* 491 F.2d 490 (8th Cir. 1974).

For the reasons stated, defendants' motion to dismiss for lack of pendent jurisdiction is DENIED.

### *Motion to Dismiss Counts III and IV for Failure to State a Claim under Rule 12(b)(6), Fed.R.Civ.P.*

The defendants contend that Counts III and IV of plaintiff's amended complaint should be dismissed for failure to state a claim upon which relief may be granted. As previously noted, Count III alleges the existence of a "written contract". The terms and conditions of this contract are evidenced by certain writings attached as exhibits. Count IV alleges the existence of an employment contract created by "words and actions". In support of their position, defendants argue that, as a matter of law, the Affirmative Action Program was not a term or condition of plaintiff's employment contract as evidenced by these writings. In the alternative, the defendants argue that plaintiff's allegations create a contract of employment terminable at will and that therefore, as a matter of law, the provisions of the Affirmative Action Program are not a term or condition of this contract. In addition, the defendants argue that Count IV merely alleges a conclusion of law, i. e. the existence of an agreement.

Under the Federal Rules of Civil Procedure, the purpose of a complaint is to state, not prove, a claim. Dismissal is only warranted where it appears to a legal certainty that the plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim presented. *Conley v. Gibson*, 335 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

■ In the case at bar, the plaintiff has alleged in Counts III and IV of her amended complaint the existence of an employment contract created either by the writings attached as exhibits, or the "words and actions" of the defendants. While it is true that plaintiff has alleged in Count III the existence of a "written contract", the docu-

ments attached to the complaint do not evidence an intent to reduce the parties' agreement to writing, nor do they purport to be the entire agreement of the parties. Under these circumstances, the court believes that the question of whether the parties' agreement is evidenced by a series of writings, or some other manifestation of intent, is immaterial to the issue of whether the terms and conditions of the alleged employment contract include adherence to the provisions of the defendants' Affirmative Action Program. For these reasons, the court finds that Counts III and IV state a claim for breach of an employment contract. The terms and conditions of this contract is a question of fact which the plaintiff is not precluded from proving by the allegations and exhibits presently on file. *See generally Chambers v. Shayne & Co.*, 32 Ill.App.2d 16, 25, 176 N.E.2d 645, 649 (1st Dist. 1961).

In addition, the defendants' contention that the complaint alleges merely the existence of an employment relationship terminable at will does not preclude plaintiff from proving the terms and conditions of this contract. The cases cited by the defendants merely hold that an "at will" contract is not breached by a unilateral termination by the employer and the employer is not liable for damages beyond the time of the employee's discharge. "A 'terminable at will' agreement is nevertheless a contract under which rights and obligations exist prior to its termination and for breach of which there is a remedy of law." *Louisville Cycle and Supply Co., Inc. v. Baach*, Ky., 535 S.W.2d 230, 233 (1976); *Austin v. So. Pac. Co.*, 50 Cal.App.2d 292, 123 P.2d 39, 40 (1942).

The court finds that Counts III and IV of the plaintiff's amended complaint properly present claims for breach of an alleged employment contract. For the aforementioned reasons, the defendants' motion to dismiss Counts III and IV is DENIED.

*Conclusion*

In summary, for the foregoing reasons, the following is ordered:

(1) The defendants' motion to dismiss Counts III and IV of the plaintiff's amended complaint for lack of pendent jurisdiction is DENIED.

(2) The defendants' motion to dismiss Counts III and IV of the plaintiff's amended complaint for failure to state a claim is DENIED.

IT IS SO ORDERED.