404 So.2d 793 (1981)
Michael SPROVERO, Appellant,
v.
Betty J. MILLER, Appellee.
No. 80-2504.
District Court of Appeal of Florida, Third District.
October 6, 1981.
*794 Krongold & Bass and Paul Bass, Coral Gables, for appellant.
Corlett, Merritt, Killian & Sikes and Gerald E. Rosser, Miami, for appellee.
Before HUBBART, C.J., and HENDRY and NESBITT, JJ.
PER CURIAM.
The plaintiff Michael Sprovero, a general building contractor, appeals from an adverse final summary judgment entered below in a slander action wherein no special damages were claimed. The trial court concluded that the oral statements sued upon did not constitute slander per se and, as no special damages were claimed, summary judgment for the defendant was proper. We disagree and reverse.
The oral statements sued upon arose over a construction job done by the plaintiff for the defendant Betty J. Miller. These statements impute conduct and characteristics to the plaintiff which are plainly incompatible with the proper exercise of the plaintiff's business; as such, the statements constitute slander per se. Campbell v. Jacksonville Kennel Club, Inc., 66 So.2d 495, 497 (Fla. 1953); Commander v. Pedersen, 116 Fla. 148, 156 So. 337 (1934); Owner's Adjustment Bureau, Inc. v. Ott, 402 So.2d 466 (Fla. 3d DCA 1981); Carter v. Sterling Finance Co., 132 So.2d 430 (Fla. 1st DCA 1961). This result is not changed by the fact that some or all of the slanderous statements may have had reference to single acts of misconduct allegedly committed by the plaintiff as, in any event, these alleged acts fairly implied the lack of qualities and skill the public is reasonably entitled to expect from persons engaged in the construction business. See e.g., Restatement (2d) of Torts § 573, comment e (1977).
The final summary judgment under review is reversed and the cause is remanded to the trial court for further proceedings. The reversal shall be without prejudice to the defendant to raise any free speech defenses which may be applicable in this case. See e.g., Owner's Adjustment Bureau, Inc. v. Ott, 402 So.2d 466 (Fla. 3d DCA 1981) (Hubbart, C.J., concurring) and authorities collected.
Reversed and remanded.